**In re Toyson J. BURRUSS, Debtor.**

**Bankruptcy No. 83-A-1608.**

United States Bankruptcy Court,
D. Maryland.

July 24, 1986.

Larry Adams, for U.S. Atty. for the Dist. of Md.

Charles Baer, Washington, D.C., for Tax Div., Dept. of Justice.

Roger Schlossberg, Hagerstown, Md., Trustee.

Versteal Kemp, for debtor Burruss.

## MEMORANDUM OF DECISION

(Motion for Leave to File
Proof of Claim)

PAUL MANNES, Chief Judge.

The United States of America seeks leave to file a late proof of claim. The issue before the court is, in a case involving an individual debtor where the United States does not receive official notice from the Clerk of this court of the bankruptcy filing, and where there is no proof of actual notice received by a responsible official, whether the United States is barred from being granted leave to file an untimely proof of claim. Specifically, the issue before the court is whether Rules 3002(c) and 9006(b)(3) prescribed by the Supreme Court of the United States, pursuant to 28 U.S.C. § 2075 on April 25, 1983, and submitted to the Senate and House of Representatives of the United States on that date, limit the authority of this court to receive a claim of the United States.

The court has received extensive memoranda from the attorneys for the parties for which it is grateful. There is one factual issue. The order of this court of February 24, 1984, set June 18, 1984, as the bar date for the filing of claims. The trustee urges that as a result of the meeting that took place between Clinton R. Black, IV, of the office of the Attorney General of Maryland, and an official of the Internal Revenue Service on May 31, 1984, the Internal Revenue Service, and more particularly the Criminal Investigation Division, has actual knowledge of the bankruptcy filing. This knowledge came about as a result of a long discussion between an IRS official and Mr. Black and the IRS official's review of the complete file of the Maryland Attorney General's office with respect to investigations of alleged securities fraud on the part of Mr. Burruss. The Maryland Attorney General had instituted criminal prosecutions and injunction actions as well, alleging that the sale of securities by Mr. Burruss and his Life Investors Program involved sales of shares of stock in non-existent companies and was, as is popularly described, a "Ponzi" scheme.

The court concludes that giving notice to an unidentified agent of the Internal Revenue Service is not a substitute for notice to the Internal Revenue Service, and therefore the court finds that the Internal Reve-

nue Service did not have timely notice of the bankruptcy proceeding so as to permit it to file a proof of claim before the bar date.

The United States urges, based upon the authority of the case of *City of New York v. New York, N.H. and H.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953), that the United States could not be barred from filing a proof of claim where it never had notice of the bar date. The *City of New York* case is not entirely on point in that it involved a railroad reorganization under § 77 of the Bankruptcy Act, 47 Stat. 1474, as amended, 49 Stat. 911, 11 U.S.C. § 205. A railroad reorganization presents a different situation. Were the United States not permitted to file its claim, it would have been forever barred under the law pertaining to railroad reorganizations. The claim of the United States against this individual defendant was not discharged.

■ The underlying conflict is between the Internal Revenue Service seeking the collection of income tax (said to be due and owing by the individual debtor as a result of his nefarious activities and described more fully in the case of *K. Houston Matney, Commissioner of Securities v. Toyson J. Burruss, et al.*, Case No. E83–1133, filed in the Circuit Court for Prince

George's County, Maryland) and the trustee as the representative of the individuals defrauded. What is particularly galling to the officials of the State of Maryland in this case is the failure of the Internal Revenue Service, and particularly its Criminal Investigation Division, to do anything to help with respect to the costly litigation involving Mr. Burruss. The excuse given by the Internal Revenue Service was that because no income tax return had been filed by Burruss, the IRS was not interested in making any effort to assist the Office of the Attorney General and the Receiver. Now, as a result of the diligence of the Receiver and the actions of the Office of the Attorney General, some funds are available to be repaid to those individuals who were fleeced. The opposing sides are the victims of the Burruss activities and the Internal Revenue Service seeking to collect its share of the ill-gotten gains.[1]

■ The rules and statutory authorities in issue here as follows:[2]

*Rule 3002.* FILING PROOF OF CLAIM OR INTEREST

(c) *Time for Filing.* In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called

---

1. The fault of the failure of the IRS to receive notice of the filing through the receipt of the Bankruptcy Official Form 16A can be attributed in the first instance to counsel for the debtor. Although counsel listed "U.S. Federal Income Tax, Phila., Pa. 19020," as a $5000 creditor on Schedule A–1, he neglected to list the IRS as a creditor on the label matrix prepared by him. It is this label matrix that is used as the basis for all notice going out, and without the IRS being listed upon it, it would not receive notice of the proceeding.

The better procedure by far is to see that the IRS receives notice of each and every bankruptcy filing. It is frequently the case that debtors owe the IRS money but are unaware of that fact. Thus, if the Service received notice as this court had originally directed in all cases, this issue would not be before the court. The Service had received the notice of all cases. At some time prior to the case of *Toyson J. Burruss,* the IRS requested that its notices be limited to those cases in which it was scheduled as a creditor. That placed an undue burden upon

the understaffed office of the Clerk of the Bankruptcy Court because of the deluge of cases filed in this division. There was no way that the processes of the court could have been kept moving and also ensure that the work of the IRS was done for it. Unfortunately, the problem appears to have surfaced in a case where there is a large amount of money involved and serious consequences. It is the desire of the writer that the Clerk give notice of every bankruptcy filing in the future to the IRS regardless of whether or not the Service is listed as a creditor. The fact is that the Internal Revenue Service is the party most frequently shown as a creditor in a filing.

2. For a discussion on the time limitation for filing the proof of bankruptcy claim under the former Bankruptcy Act, *see* § 57 *Proof and Allowance of Claims,* VII. *Time Limitation for Proof of Claim,* § 57n; R302(e). *Collier on Bankruptcy,* 14 Ed. (1974 Recompilation).

pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

*Rule 9006.* TIME

(b) *Enlargement.*

\*　　\*　　\*　　\*　　\*　　\*

(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

*11 U.S.C. § 501 Filing of proofs of claims or interests.*

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

*11 U.S.C. § 726 Distribution of property of the estate.*

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title; or

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim.

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim;

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; and

(6) sixth, to the debtor.

With perfect hindsight after a second look at the particular case, the court finds that its action on March 13, 1986, in sustaining the trustee's objection to the claim of the Internal Revenue Service, without prejudice to the filing of a motion for an extension of time to file a proof of claim late, set this case off on the wrong foot. The Internal Revenue Service, as any creditor, has the right to file a proof of claim at any time. The issue to be determined by the court at the time of distribution, if not determined prior to that, is whether a party claim falls into the subdivisions of 11 U.S.C. § 726(a)(2)(C) or § 726(a)(3).

The court is now left with the business of cleaning up the mess created by its order of March 13, 1986. Were the matter not on appeal, the court would simply rescind the order. That solution is not possible. In an effort to cut to the heart of the problem, the court will grant leave to the United States to file a proof of claim so that the same may be considered for distribution under 11 U.S.C. § 726 of the Bankruptcy Code.

The foregoing constitutes the court's findings of fact and conclusions of law.