In re Frank Louis LACZKO and Louise M. Laczko, Debtors.

Frank Louis LACZKO and Louise M. Laczko, Appellants,

v.

GENTRAN, INC., Appellee.

BAP No. AZ 82-1352 EAsP.

Bankruptcy No. 80-238 PHX RGM.

Adv. No. 82-219.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 20, 1984.

Decided March 28, 1984.

John Friedman, Friedman & O'Leary, Phoenix, Ariz., for appellants.

Thomas E. Weland, Treon, Warnicke & Roush, Phoenix, Ariz., for appellee.

Before ELLIOTT, ASHLAND and PYLE, Bankruptcy Judges.

## OPINION

ELLIOTT, Bankruptcy Judge:

Debtors Frank Louis and Louise M. Laczko appeal from an order of the bankruptcy court granting summary judgment in favor of creditor Gentran, Inc.

This proceeding concerns the claim of a creditor, added to the debtors' schedules after the time for filing claims had expired. The question presented is whether that debt can be discharged in a no-asset case where the omission of the creditor from the original schedules was a result of mistake or inadvertence and not because of any fraud by the debtor.

The Laczkos filed their Chapter 7 case on February 12, 1980. The court gave notice of the § 341 creditors' meeting set for March 17. That notice also fixed six months from March 17 as the last date to file claims. The debtors received their discharge on June 26, 1980.

On February 8, 1982, and prior to the date the case was closed, the Laczkos filed a petition to amend their schedule of unsecured creditors to include Gentran, which had not been listed in the original schedules and on February 10 they filed a complaint to determine dischargeability of the Gentran debt. Gentran answered and motions for summary judgment were subsequently filed by both sides.

On June 15, 1982 the trial court denied the Laczkos' motion and granted Gentran's motion for summary judgment.

## FACTS

Gentran initially brought an action against Frank Laczko, individually and against the company he was managing, Kontrols, Inc. The case was brought in the Arapahoe County District Court, State of Colorado. Neither Mr. Laczko nor the company answered the complaint and a default judgment was entered on April 25, 1977 in the amount of $8,069.55 plus interest.

Approximately two months after judgment was entered, Mr. Laczko was served

with an order to attend a debtor's examination. The process server noted that the Laczkos appeared to be in the process of packing to move out of their residence. Mr. Laczko did not appear at the examination and the Lackos did, in fact, move to Arizona, leaving no forwarding address.

Gentran did not become aware of the bankruptcy proceeding until approximately two years after the bankruptcy case was filed when it was discovered that the Laczkos were residing in Arizona. Upon learning of their whereabouts, Gentran filed a proceeding in the Superior Court of the State of Arizona to establish their Colorado judgment as an Arizona judgment. The Laczkos thereafter petitioned the bankruptcy court to amend their original schedules and sought to discharge Gentran's judgment claim.

*Amendment of Schedules*

■ The debtors petitioned for leave to amend their schedules to add appellee as a creditor four days before the case was closed. Permission to amend is not required when the amendment is made before the case is closed, Bankruptcy Rule 110 (in effect when the amendment was filed). Therefore, the appellee was duly added to the debtors' list of creditors.

*Application of 11 U.S.C. § 523(a)(3)*

■ Bankruptcy Code § 523(a)(3) which provides for the nondischargeability of certain unscheduled debts, is derived from § 17(a)(3) of the Bankruptcy Act. Section 17(a)(3) excepted from the operation of a discharge debts which had not been

> duly scheduled in time for proof and allowance with the name of the creditor, if known to the bankrupt unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

Under § 17(a)(3) of the Act, two lines of cases developed.

The liberal rule is best illustrated by *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964) where the court held that bankruptcy courts have the discretion to invoke their equity powers to allow amendment of schedules after the expiration of the claims period under exceptional circumstances, and the court suggested such circumstances exist where (1) the case is a no-asset one, (2) there is no fraud or intentional laches, and (3) the creditor was omitted through mistake or inadvertence.

The leading case advocating a stricter construction of § 17(a)(3) is the case of *Milando v. Peronne,* (2nd Cir.1946) 157 F.2d 1002 where the court refused to allow the debtor to reopen bankruptcy proceedings in a no-asset case to amend schedules to include an inadvertently omitted claim and permit discharge of that debt. The court stated, ". . . . he who seeks the protection of a statutory bar against payment of his debts is required to bring himself within the provisions of the statutory grant" 157 F.2d at 1004.

Cases decided under § 523(a)(3) have generally denied reopening of proceedings to allow amendment of schedules even where the exceptional circumstances exist, particularly where the claims period has expired. The court in *In re Iannacone,* (D.Mass.1982) 21 B.R. 153, 9 B.C.D. 571 refused to allow the debtor to reopen the bankruptcy to add an omitted creditor after the time for filing proof of claim had long since passed, holding that reopening the case would not result in relief being afforded to the debtor since the amendment would not relate back to the time prior to the claims filing bar date for the purpose of discharge. The court also held that the absence of assets for distribution did not permit the bankruptcy court to contravene the unequivocal language of § 523(a)(3).

In *In re Jordan,* (E.D.N.Y.1982) 21 B.R. 318, 6 C.B.C.2d 1222, the court refused to allow amendment of schedules and discharge of an omitted debt after the claims period had expired. The court specifically rejected the no-asset-no-prejudice argument raised by the debtor and held there was no way to avoid the consequences of § 17(a)(3) when the last date to file proofs of claim had been scheduled and expired. See also *In re Brown,* (N.D.Ohio 1982) 27 B.R. 151.

The case of *In re Stark,* (C.A.7th 1983) 717 F.2d 322, decided under the new Code, at first blush seems to favor appellants, but

can be distinguished. In *Stark* the bankruptcy court, under Bankruptcy Rule 203(b), notified creditors that there were no assets and that no claims need be filed unless and until further notice of the opportunity to file claims be given to creditors. Because the date to file claims were never set, § 523(a)(3) was never triggered.

At 3 *Collier on Bankruptcy* (15th Ed.) 533-81, the editors state that § 523(a)(3) clarifies certain uncertainties generated by case law decided under § 17(a)(3) of the former Act. Unfortunately, Congress did not specifically overrule the exceptional circumstances rule of *Robinson v. Mann, supra.*

However, we agree with the Second Circuit in *Milando v. Peronne, supra,* at Page 1003:

This section [§ 17(a)(3)] provides that a discharge shall not release a bankrupt from a debt which he has not scheduled in time for it to be proved and allowed in the bankruptcy proceedings unless the creditor has notice or actual knowledge of the proceedings. The courts have no power to disregard this clear language.

AFFIRMED.