In re Michael M. **LOCHRIE** and Abbie A. Lochrie, Debtors.

**URBATEK SYSTEMS, INC.,** Appellee,

v.

Michael M. **LOCHRIE** and Abbie A. Lochrie, Appellants.

**BAP No. OR–87–1178 EMeAs.**
**Bankruptcy No. 685–08202–W7.**
**Adv. No. 686–6027–W.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted July 24, 1987.

Decided Sept. 11, 1987.

Judith H. Uherbelau, Cottle, Howser & Munsel, P.C., Ashland, Or., for appellants.

Jeffrey M. Taylor, Honolulu, Hawaii, for appellee.

## OPINION

Before ELLIOTT, MEYERS and ASHLAND, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge.

This is an appeal from a grant of summary judgment in favor of Urbatek Systems, Inc. We affirm in part and reverse and remand in part.

## FACTS

Urbatek Systems, Inc., owned a radio station in Hawaii, which it sold to Michael and Abbie Lochrie in 1981. The Lochries signed a note for the purchase price and also personally guaranteed the contract of sale. The Lochries provided a financial statement to Urbatek as part of their personal guarantee.

The Lochries filed a Chapter 7 petition in bankruptcy on June 16, 1984, in the United States Bankruptcy Court for the District of Hawaii. Urbatek was not listed as a creditor in the Lochries' schedules or mailing matrix. The bankruptcy court set October 12, 1984, as the last date to file nondischargeability complaints under § 523(c). This date was later extended to November 12, 1984.

On April 19, 1985, pursuant to the chapter 7 trustee's motion, the bankruptcy judge granted change of venue to the bankruptcy court for the District of Oregon.

In April, 1985, the Lochries defaulted on their note to Urbatek. Urbatek's attorney, Jeffrey Taylor, sent a letter to the Lochries, notifying them of the default, and demanding payment in full on the note. The Lochries' attorney responded with a letter on April 22, 1985, informing Mr. Taylor that the Lochries had filed bankruptcy.

On May 16, 1985, shortly after Urbatek received notice of the bankruptcy, it filed a complaint for nondischargeability under § 523(a)(2)(B), claiming that the financial statement provided by the Lochries was false. This adversary complaint was transferred to the bankruptcy court in Oregon. On August 16, 1985, the clerk's office of the bankruptcy court in Oregon sent out an order for the first meeting of creditors and notice of the last day to file nondischargeability complaints. The last date for filing nondischargeability complaints was later extended to March 6, 1986.

On January 6, 1986, the debtors finally amended the schedules to include Urbatek. On January 21, 1986, the bankruptcy judge in Oregon dismissed Urbatek's complaint for nondischargeability because it was untimely filed. On March 3, 1986, Urbatek filed another complaint in the Oregon court under § 523(a)(2)(B), identical to the complaint originally filed in the bankruptcy court in Hawaii. On April 2, 1986, the debtors filed an answer to this complaint, denying the allegations of fraud.

On August 26, 1986, the court entered an order giving Urbatek until September 10, 1986, to associate with local counsel, or to file a motion for summary judgment. On September 10, 1986, Urbatek, through its Hawaiian counsel, filed a motion for summary judgment. On January 9, 1987, the judge granted summary judgment for Urbatek. The judge held that the notice of first meeting of creditors and accompanying sixty day period for filing complaints was erroneously sent out by the clerk's office of the bankruptcy court in Oregon. Therefore, the notice did not enlarge the time for Urbatek to file its complaint.

However, the judge ruled that Urbatek had stated a case for nondischargeability under § 523(a)(3)(B), for failure to schedule Urbatek in time for it to file a complaint for nondischargeability. The judge held:

It is this court's position that it is not obliged to first make a determination on the merits under § 523(a)(2), (4) or (6) before it may grant relief under § 523(a)(3). As long as plaintiff has made allegations which, if proven, would render its claim non-dischargeable under § 523(a)(3) then the court may determine the issue of timeliness under § 523(a)(3).

The debtor appeals this decision. The debtor also claims that the court erred in allowing Urbatek to make a motion for summary judgment through its Hawaiian counsel, instead of requiring the Hawaiian counsel to associate with local counsel.

## DISCUSSION

The Bankruptcy Appellate Panel stands in the same position as the court below in applying summary judgment standards. The court views all evidence and factual inferences in the light most favorable to the nonmoving party if there are no genuine issues of material fact, and the moving party is entitled to prevail as a matter of law, summary judgment will be affirmed. *In re Stephens*, 51 B.R. 591 (9th Cir. BAP 1985). In this particular case, there are no disputed issues of fact. The question is whether Urbatek is entitled to prevail as a matter of law.

We start by noting that the burden of proof in a nondischargeability action rests solely with the creditor seeking to have its debt declared nondischargeable. *In re Thornton*, 544 F.2d 1005 (9th Cir.1976), *In re Stephens*, 51 B.R. 591 (9th Cir. BAP 1985).

Furthermore, there is a strong presumption in favor of discharge and a fresh start for the honest debtor. "Exceptions to this general policy should be strictly construed against an objecting creditor and in favor of the debtor's right of discharge." *In re Vickers*, 577 F.2d 683, 687 (9th Cir.1978).

In light of these policies, we review the trial court's statement that it does not examine the underlying nondischargeability claim before ruling on § 523(a)(3)(B).

The purpose of § 523(a)(3)(B) is to allow a creditor to file a nondischargeability complaint when it would otherwise be barred by the time limitations of § 523(c) and Bankruptcy Rule 4007(c). Section 523(c) requires a complaint to determine dischargeability under § 523(a)(2), (4), or (6), to be filed, and Rule 4007(c) requires the complaint to be filed within sixty days of the first meeting of creditors.

Section 523(a)(3)(B) does not create a separate exception from discharge merely for the debtor's failure to schedule a creditor. Instead, the creditor must also have a cause of action under § 523(a)(2), (4), or (6). Mere allegations of a cause of action are not sufficient. "It remains necessary for the creditor to prove its case under either code § 523(a)(2), (4), or (6) because 11 U.S.C. § 523(a)(3)(B) only applies if such a case can be established." 1 *Norton Bankruptcy Law and Practice*, § 27:67 (1981).

Several bankruptcy court decisions confirm this analysis. In *In re Zablocki*, 36 B.R. 779 (Bankr.D.Conn.1984), the court held:

> The mere passage of the date beyond which a § 523(c) determination of dischargeability may be sought does not, alone, trigger the § 523(a)(3)(B) exception to discharge.... Instead, to establish the § 523(a)(3)(B) exception, a creditor must show that he actually had grounds under § 523(a)(2), (4), or (6)....
> [W]hen § 523(a)(2), (4), or (6) issues are presented in a § 523(a)(3)(B) context, they are not subject to the restrictions of § 523(c) or, therefore Rule 4007.

*Id.* at 782.

An earlier bankruptcy court reached the same conclusion as to the effect of § 523(a)(3)(B). In *In re Ratliff*, 27 B.R. 465 (Bankr.E.D.Va.1983), the court held that if the creditors had no notice of the bankruptcy, "the savings provisions of § 523(a)(3)(B) and 523(c) are available to them even though a timely scheduled creditor would now be barred from filing a complaint under § 523(a)(2), (4), or (6)." *Id.* at 468.

Absent prejudice to the creditor by reason of omission from the schedules, the creditor must prove its cause of action under § 523(a)(2), (4), or (6), in order to pre-

vail under § 523(a)(3). In the present case, the creditor showed no prejudice by the delay, and was not required to prove its claim under § 523(a)(2). In view of the policy in favor of discharge and a fresh start for the debtor, we hold that the creditor is required to make a showing of material prejudice to avoid proving its claim under § 523(a)(2), (4), or (6).

We reverse the bankruptcy court's ruling insofar as it finds that mere allegations of a cause of action under § 523(a)(2), (4), or (6) are sufficient for a finding of nondischargeability under § 523(a)(3)(B). This matter is remanded to the bankruptcy court for a determination of the merits of Urbatek's § 523(a)(2)(B) claim.

The debtors also claim that Urbatek should have been allowed to pursue its complaint for nondischargeability under § 523(a)(2)(B) because it was timely filed within the period set by the clerk's office of the bankruptcy court in Oregon. The bankruptcy judge rejected this argument on the grounds that the notice was erroneously sent out, and the court has no authority to extend the time period for filing complaints under § 523(c) after the initial time period has expired.

We affirm on this point. The bankruptcy court correctly held that a court has no discretion to grant untimely extensions to file nondischargeability complaints. *In re Fauchier*, 71 B.R. 212 (9th Cir. BAP 1987).

The debtors also contend that the bankruptcy court erred in allowing Urbatek to file a motion for summary judgment without associating with local counsel. Local Rule 110–2(b) of the United States District Court for the District of Oregon, provides that any judge may exercise discretion to allow an attorney not admitted to practice within that state to appear *pro hac vice*. The rule also provides that the attorney must associate with local counsel.

Here, the judge ordered Urbatek's attorney to associate with local counsel, or file a motion for summary judgment. The judge exercised discretion in allowing Urbatek's Hawaiian counsel to appear once for a possible end to the proceeding through a motion for summary judgment. The judge's order clearly indicated that any appearances other than for a motion for summary judgment would require association with local counsel.

We see no abuse of discretion in the judge's allowance of a *pro hac vice* appearance. We affirm.

Affirmed in part, reversed and remanded in part.