In re Johnny Stephon SANDOVAL, SS# 585–11–9759 and Dawne Sue Sandoval, SS# 585–13–1655, Debtors.

**D & L REPAIR, INC., Plaintiff,**

v.

**Johnny Stephon SANDOVAL and Dawne Sue Sandoval, Defendants.**

**Bankruptcy No. 7–85–01691 MF. Adv. No. 89–0067 M.**

United States Bankruptcy Court, D. New Mexico.

July 14, 1989.

R. Thomas Dailey, Farmington, N.M., for plaintiff.

James C. Jacobsen, Albuquerque, N.M., for defendants.

## ORDER

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on cross-motions for summary judgment. For the reasons stated herein, the defendants' motion will be granted and the plaintiff's motion will be denied.

Defendants filed their bankruptcy petition on December 9, 1985, and the § 341 meeting of creditors was held on February 6, 1986. The case was noticed as an asset case and the deadline for filing claims was fixed as 90 days after the § 341 meeting. Plaintiff was not listed as a creditor and received no notice from the Court as to the above deadline. While defendants allege (and the plaintiff disputes) that plaintiff had actual knowledge of the bankruptcy in January of 1986, a determination of that fact is not necessary to this Court's determination of the issue herein. It is admitted by plaintiff that it became aware of the filing of the petition and filed a proof of claim on October 20, 1986. The record further reveals that the trustee filed a report of no distribution on November 12, 1986 and that the case was closed on January 26, 1987.

Thereafter, in August of 1988, plaintiff filed a complaint for money owed on open account against the defendants in the District Court for San Juan County, New Mexico for charges incurred prior to September 6, 1985, plus monthly service charges thereafter.

The defendants sought to reopen their bankruptcy case to add plaintiff as a creditor and the Court ordered such reopening on October 28, 1988. The instant adversary proceeding was then commenced by plaintiff for a determination that the debt was not discharged pursuant to 11 U.S.C. Section 523(a)(3)(A) which provides:

11 USCS § 523. Exceptions to discharge (a) A discharge under section 727, 1141, 1228[a], 1228(b), or 1328(b) of this title [11 USCS § 724, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—

.    .    .    .    .

3) neither listed nor scheduled under section 521(1) of this title [11 USCS § 521(1)], with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of

claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing ...

■ I agree with the view expressed by the Seventh Circuit in *Matter of Stark*, 717 F.2d 322 (7th Cir.1983) that the Bankruptcy Code should not be mechanically applied, but rather that the Bankruptcy Court should exercise its equitable powers to see that substantial justice is done. *Stark*, is the leading case for the proposition that a debtor should be allowed to reopen a bankruptcy case to add an omitted creditor if the case is a no asset case and if there are no allegations of fraud or intentional design in originally omitting the creditor. It is this Court's view that the reopening and listing of an additional creditor should always be allowed, and the determination of fraud or intentional design left to the determination of whether the debt has been discharged pursuant to Section 523(a)(3)(A) and (a)(3)(B), if such an adversary proceeding is brought. Many Courts have followed *Stark*, in holding that, in a no asset case, an amendment should be allowed and the omitted debt discharged. *In re Rosinski*, 759 F.2d 539 (6th Cir.1985); *In re Baitcher*, 781 F.2d 1529 (11th Cir.1986); *In re Hendricks*, 87 B.R. 114 (Bkrtcy.C.D.Calif.1988); *In re Anderson*, 72 B.R. 783 (Bkrtcy.D.Minn. 1987); *In re Beshensky*, 68 B.R. 452 (Bkrtcy.E.D.Wisc.1987), and cases cited therein; *In re SCISM*, 41 B.R. 384 (Bkrtcy. W.D.Okla.1984), *In re Maddox*, 62 B.R. 510 (Bkrtcy.E.D.N.Y.1986).

This determination, these courts say, results from the language of the statute which states that the debt is not discharged if not listed in time for the claimant to timely file a proof of claim, and the notice in no asset chapter 7s which provides that if it is necessary to file proofs of claim the creditors will be thereafter notified. Thus, these courts reason, the creditor has been listed in time to file a timely proof of claim and the debt should be considered discharged.

Courts have a little more trouble coming to the same conclusion when an asset notice has been sent fixing a time for filing claims, even if the case is later determined to be a no asset case. *See In re Laczko*, 37 B.R. 676 (BAP 9th Cir.1984), *aff'd.*, 772 F.2d 912 (9th Cir.1985); *In re Iannacone*, 21 B.R. 153 (Bkrtcy.Mass.1982).

■ It is my opinion that the statute requires' that in order for the debt to be determined to be non-dischargeable, the creditor must show that as a practical matter, a timely proof of claim could not have been filed.

11 U.S.C. Section 726(a)(2)(C) provides that a creditor can share in a distribution from the estate even if the creditor's claim is filed after the expiration of the claims filing period if the creditor did not have notice or actual knowledge of the case in time to timely file a proof of claim and the claim is filed in time for it to share in a distribution. In the instant case, the creditor alleges that it filed a proof of claim immediately upon being informed of the bankruptcy. As a practical matter, the claim was filed in time to share in any distribution by the trustee had there been one, or if the trustee discovers assets and reopens the case as an asset case in the future. While in an appropriate case the creditor who files suit because no notice of the petition was ever given should have costs and attorney fees incurred in filing the state action declared non-dischargeable, in this case the creditor was aware of the bankruptcy prior to filing suit and no such consideration will be given. *In re Beshensky*, 68 B.R. 452 (Bkrtcy.E.D.Wis.1987); *In re Butt*, 68 B.R. 1001 (Bkrtcy.C.D.Ill.1987). *See also In re Columbia Ribbon and Carbon Mfg. Co., Inc.*, 54 B.R. 714 (Bkrtcy.S.D. N.Y.1985); *In re Burruss*, 65 B.R. 407 (Bkrtcy.D.Md.1986); *In re Sitzberger*, 65 B.R. 256 (Bkrtcy.S.D.Cal.1986).

There is no allegation here that the debt is one of the kind specified to be nondischargeable pursuant to 11 U.S.C. Section 523(a)(3)(B). Plaintiff's debt is therefore discharged by this bankruptcy proceeding.

IT IS ORDERED that counsel for defendants prepare a judgment in conformity with this order within 10 days.