In re Jeffrey Lynn BOWEN, dba Home-works, fdba Home Maintenance & Re-model, fdba Lawn Masters, and Deborah Ann Locke Bowen, et al., Debtors.

Jeffrey Lynn BOWEN, et al and Deborah Ann Locke Bowen, et al., Appellants,

v.

Fred R. FRANKS, Appellee.

BAP No. CC–87–1717 JVMo.

Bankruptcy No. SB 86–03811 DN.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on March 16, 1988.

Decided Aug. 10, 1989.

---

Norman L. Hanover, Hanover & Schnitzer, San Bernardino, Cal., for appellants.

John M. Ebner, Santa Ana, Cal., for appellee.

Before JONES, VOLINN and MOOREMAN, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

The Debtors appeal from an order denying their motion to reopen their case pursuant to 11 U.S.C. § 350(b) to add an omitted creditor to the schedules. We REVERSE.

## FACTS

On July 10, 1986, the Debtors, Jeffrey and Debra Bowen, filed a petition for relief under Chapter 7 of the Bankruptcy Code. Creditor Fred R. Franks ("Franks") was omitted from the list of creditors. There were no assets in the Debtors' estate for distribution. The Debtors received a discharge on November 19, 1986 and the case was closed on March 20, 1987.

On March 20, 1987, Franks filed a complaint in state court on the omitted debt, for, *inter alia,* breach of contract, fraud and misrepresentation. After receiving notice of the state court complaint, the Debtors filed a motion to reopen the case pursuant to 11 U.S.C. § 350(b), for the purpose of adding Franks to the schedules. At the hearing on the motion to reopen, the Debtors argued that the omission was inadvertent and that Franks would not be prejudiced by the reopening of the case. They further argued that Franks had actual notice of the bankruptcy. Franks argued that the omission was not inadvertent and that he had been unaware of the bankruptcy. The bankruptcy court denied the motion to reopen the case, making no express findings on the issues of notice, prejudice or the inadvertence of the omission. The Debtors timely appealed.

## DISCUSSION

■ Reopening a case under the Bankruptcy Code is governed by 11 U.S.C. § 350(b). That section provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). However, reopening a case in order to add an omitted creditor will not result in relief being afforded to a debtor because, unless the creditor had actual notice of the bankruptcy,

pursuant to 11 U.S.C. § 523(a)(3) the omitted debt will not be discharged. Section 523(a)(3) provides:

> (a) the discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (3) Neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4) or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request . . .

11 U.S.C. § 523(a)(3).[1]

In *In re Laczko*, 37 B.R. 676, 678–679 (9th Cir. BAP 1984) *aff'd without op.*, 772 F.2d 912 (9th Cir.1985), the Bankruptcy Appellate Panel, analyzing section 523(a)(3), adopted what it referred to as the "strict" approach and held that in order for an omitted debt to be discharged, a creditor must have actual knowledge of the bankruptcy.[2] The only apparent exception to the actual notice requirement might be where the case is a no-asset one and, pursuant to Bankruptcy Rule 2002(e), the creditors have been notified that they need not file proofs of claims. The Panel in *Laczko* indicated that, under these circumstances, § 523(a)(3) would not have been "triggered" because no deadline for filing proofs of claims was ever established. 37 B.R. at 679.

■ Unlike dischargeability questions under §§ 523(a)(2), (4) and (6) over which the bankruptcy court is granted exclusive jurisdiction, dischargeability questions under § 523(a)(3) are the type over which the bankruptcy court has concurrent, but not exclusive, jurisdiction. *In re Aldrich*, 34 B.R. 776, 779–80 (9th Cir. BAP 1983); *In re Iannacone*, 21 B.R. 153, 155 (Bankr.D. Mass.1982). Should a creditor bring suit in a court other than a bankruptcy court on a debt which he contends is excepted from discharge under § 523(a)(3), the local court may determine the question of dischargeability. 3 L. King, *Collier on Bankruptcy*, para. 523.13[9] (15th Ed.1986).

■ Thus, the bankruptcy court had several options when faced with the Debtors' motion to reopen. It could have denied the motion to reopen, leaving the § 523(a)(3) issue to state court. Alternatively, the court could have granted the motion to reopen and heard the § 523(a)(3) issue in bankruptcy court. In addition, if, at the hearing on the motion to reopen, it was conclusively established that the creditor did not have actual knowledge of the bankruptcy, the bankruptcy court could have refused to reopen the case because, pursuant to § 523(a)(3) the debt would not be discharged.

■ Here, the basis for the court's denial of the motion to reopen is not entirely clear. The relevant portion of the proceeding went as follows:

> *Mann*, 339 F.2d 547 (5th Cir.1964) in which the Fifth Circuit held that bankruptcy courts have the discretion to invoke their equity powers to allow the amendment of schedules after the expiration of the claims period where (1) the case is a no-asset one; (2) there is no fraud or intentional laches; and (3) the creditor was omitted through mistake or inadvertence.

---

1. Here, subsection (B) applies because even if the case was reopened to permit the Debtors to include Franks in the schedules, Franks has indicated that he would bring a nondischargeability action under §§ 523(a)(2) and (a)(4) on the grounds of intentional misrepresentation and fraud.

2. The Panel rejected the rule of *Robinson v.*

*The Court:* Well, I guess the question is going to be is: Did your client have actual knowledge?

*Mr. Ebner:* No, he didn't, Your Honor.

*The Court:* I don't——

*Mr. Ebner:* I think the declaration attached to the opposition indicates that.

*The Court:* I guess that's something that could be tested in the state court as well as here.

*Mr. Ebner:* I see no reason to burden this court with those issues, Your Honor.

*The Court:* Well, I certainly don't agree with the philosophy that says whenever omitted creditors are discovered, then you amend your schedule and reopen the case and go on for years and years and years as soon as each of them come about. The motion to reopen is denied.

Franks argues that the court found in his favor on the issue of actual knowledge and denied the motion to reopen on that basis. We disagree. There is no indication from the above quoted portion of the transcript that the court made any finding at all with regard to the issue of actual knowledge.

In our view, the court's intention was to leave the § 523(a)(3) issue to state court. This is indicated by the statements that: "I guess the question is going to be is: Did your client have actual knowledge?" and "I guess that's something that could be tested in the state court as well as here." Normally, this is not reversible error because, as noted, a state court is empowered to hear such issues.[3]

At oral argument on this appeal, however, the Debtors stated that if the bankruptcy case was reopened, they would not assert Franks' actual knowledge as a defense. The Debtors further stated that

they would not object to the setting of a new deadline for the filing of a nondischargeability complaint by Franks and that they would defend against such a complaint solely on the merits.

Accordingly, the Debtors have, on the record, agreed to waive all rights they may have under § 523(a)(3). Thus, the only matter left for determination is whether the debt to Franks is dischargeable under § 523(a)(2), (4) or (6), which is within the exclusive jurisdiction of the bankruptcy court. Under these very narrow circumstances, we REVERSE the bankruptcy court's denial of the motion to reopen, and instruct the court to set a new deadline within which Franks must file his 11 U.S.C. § 523(a)(2), (4) or (6) complaint.

VOLINN, Bankruptcy Judge, concurring:

I concur in the result. This case is determined by the ruling in *Urbatek Systems v. Lochrie (In re Lochrie)*, 78 B.R. 257 (9th Cir. BAP 1987), which squarely faced the question whether section 523(a)(3)(B) requires a dischargeability trial where the creditor has not been scheduled and claims under sections 523(a)(2), (4) and (6) are involved.[1] The court in *Lochrie* reasoned:

> The purpose of § 523(a)(3)(B) is to allow a creditor to file a nondischargeability complaint when it would otherwise be barred by the time limitations of § 523(c) and Bankruptcy Rule 4007(c)....
>
> Section 523(a)(3)(B) does not create a separate exception from discharge merely for the debtor's failure to schedule a creditor. Instead, the creditor must also have a cause of action under § 523(a)(2), (4), or (6). Mere allegations of a cause of action are not sufficient. "It remains necessary for the creditor to prove its

---

**3.** The Debtor argues that the bankruptcy judge abused his discretion in denying the motion to reopen because, pursuant to § 350(b), cases are liberally reopened where there is no evidence of fraud or intentional design, debtor misconduct, laches or prejudice to the creditor. This argument is untenable. It ignores the notice issue raised by § 523(a)(3) and the possibility that the

bankruptcy court intended to leave the § 523(a)(3) issue to state court.

**1.** I note the seeming paradox between sections 523(a)(3)(A) and (B) by which an omitted creditor's claim may be automatically excepted from discharge if not classifiable under sections 523(a)(2), (4) or (6), but requires adjudication if pursued under those sections.

case under either code § 523(a)(2), (4), or (6) because 11 U.S.C. § 523(a)(3)(B) only applies *if such a case can be established.*" 1 *Norton Bankruptcy Law and Practice*, § 27.67 n. 10 (1981). . . .

Absent prejudice to the creditor by reason of omission from the schedules, the creditor must prove its cause of action under § 523(a)(2), (4), or (6), in order to prevail under § 523(a)(3).

*Lochrie*, 78 B.R. at 259.

It may be that the decision in *Laczko v. Gentran, Inc. (In re Laczko)*, 37 B.R. 676 (9th Cir. BAP 1984), *aff'd without opinion*, 772 F.2d 912 (9th Cir.1985), has been overruled or modified *sub silentio*. The nature of the debt in *Laczko* was not stated. The court simply ruled in *Laczko* that an unscheduled creditor's claim is not dischargeable under section 523(a)(3), except possibly in cases for which creditors were notified not to file claims. *Id.* at 678–79. *See also Stark v. St. Mary's Hospital (In re Stark)*, 717 F.2d 322 (7th Cir.1983); *In re Ratliff*, 27 B.R. 465 (Bankr.E.D.Va.1983) (holding that even though the period for filing proofs of claim has elapsed, a debtor in a no asset case can amend his schedules to add an omitted creditor in the absence of a showing of fraud or harm to the creditor).

With respect to the problem of reopening cases to explore the dischargeability of omitted debts, discretionary powers of the court to allow amendment of schedules may be the most practicable approach. As stated in *Laczko*, the decision in *Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964), *reh'g denied*, 341 F.2d 297 (5th Cir.1965), represents the liberal rule. *Laczko*, 37 B.R. at 678. The court held in *Robinson* that bankruptcy courts have equitable discretion to allow amendment of schedules after the expiration of the claims period under exceptional circumstances, directing that the relevant considerations are (1) reasons for the omission, (2) extent of disruption attendant to the amendment, and (3) consequent prejudice to any creditor. *Id.* at 550. The court in *Laczko* thereby interpreted the *Robinson* decision as suggesting that

justification for amendment exists when (1) the case is a no-asset one, (2) there is no fraud or intentional laches, and (3) the creditor was omitted through mistake or inadvertence. *Id.* at 679. *See also Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir.1985); *Stark*, 717 F.2d 322 (both holding that a debtor may reopen a no-asset case to add an omitted creditor when there is no evidence of fraud, intentional design or reckless disregard for the accuracy of schedules and the creditor is not prejudiced).

The *Robinson* approach would clarify the law and provide for a balance, which would allow for the debtor to have a discharge. As pointed out in *Lochrie*, "there is . a strong presumption in favor of discharge and a fresh start for the honest debtor. 'Exceptions to this general policy should be strictly construed against an objecting creditor and in favor of the debtor's right of discharge.' *In re Vickers*, 577 F.2d 683, 687 (10th Cir.1978)." *Lochrie*, 78 B.R. at 259. On the other hand, a creditor with a good faith nondischargeability claim should not be prejudiced by the passage of time, having disabled his ability to prove his case. Under the approach of *Robinson*, the debtor could not require a discharge hearing when his omission or inaction prejudiced a creditor from prosecuting a bona fide dischargeability claim; nor would the creditor have the windfall of escaping compliance with the requisites of proving nondischargeability under section 523 simply by virtue of an inadvertent, but nonprejudicial, omission of his debt.