Joan E. Rohlf, Guess & Rudd, Anchorage, Alaska, for plaintiff.

William C. Pace, Yerbich & Pace, Anchorage, Alaska, for defendant.

**In re Wayne Howard BROSMAN, d/b/a Pacific Mechanical, Debtor.**

**HOMESTATE INSURANCE BROKERS OF ALASKA, INC., Plaintiff,**

v.

**Wayne H. BROSMAN, individually and d/b/a Pacific Mechanical, Defendant.**

**Adv. No. 3–86–00547–001.**

United States Bankruptcy Court, D. Alaska.

Sept. 12, 1990.

### ORDER GRANTING SUMMARY JUDGMENT

DONALD MacDONALD IV, Bankruptcy Judge.

I.  Introduction.

Wayne A. Brosman, d/b/a Pacific Mechanical, filed a chapter 7 bankruptcy petition on September 16, 1986. Through mistake or inadvertence, he failed to list Homestate Insurance Brokers of Alaska, Inc. as a creditor in the petition and in the matrix. The deadline for filing proof of claims was January 12, 1987. No proof of claim was filed by Homestate. Homestate had neither notice nor actual knowledge of the filing of the bankruptcy.

Homestate filed suit in state court to collect its debt for insurance premiums on February 26, 1987. On May 26, 1987, Homestate obtained a judgment against the debtor. The debtor's discharge was entered on July 1, 1987. On July 31, 1987

Homestate was informed of the bankruptcy. The debtor subsequently amended his schedules to include the claim of Homestate on August 12, 1987.

The Brosman bankruptcy case is still open. No distributions have been made to creditors and there are no assets to distribute in the bankruptcy. The debtor filed a late claim on the creditor's behalf. Homestate filed this adversary proceeding to determine dischargeability of its claim, and both parties have moved for summary judgment. There are no disputes as to any material facts. The issue is solely one of law.

## II. The Dischargeability Standard.

### A. Strict and Liberal Approaches.

11 U.S.C. § 523(a)(3) provides an exception to discharge for certain debts. It states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;
>
> .      .      .      .      .

Prior to the adoption of the Bankruptcy Reform Act of 1978 there were two distinct approaches to dischargeability problems of unlisted creditors. In *Milando v. Perrone*, 157 F.2d 1002 (2nd Cir.1946), the Second

Circuit took a strict view. It read the Act literally and refused a discharge for unlisted creditors. The Fifth Circuit, on the other hand, in *Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964), *reh'g denied*, 341 F.2d 297 (5th Cir.1965), took a liberal approach and allowed discharge under "exceptional circumstances", even when the literal requirements of the statute were not met.

The Ninth Circuit Bankruptcy Appellate Panel adopted the Second Circuit's strict view in *In re Laczko*, 37 B.R. 676 (Bankr. 9th Cir.1984). The facts in *Laczko* were similar to this case except the creditor had obtained a judgment pre-petition. Because the debtor failed to list the creditor, discharge of the unscheduled debt was denied in a no-asset case. The Bankruptcy Appellate Panel cited, with approval, the following language from the Second Circuit's opinion in *Milando v. Perrone* in denying discharge:

> This section [§ 17(a)(3)] provides that a discharge shall not release a bankrupt from a debt which he has not scheduled in time for it to be proved and allowed in the bankruptcy proceedings unless the creditor has notice or actual knowledge of the proceedings. The courts have no power to disregard this clear language.

*In re Laczko*, 37 B.R. at 679, citing *Milando v. Perrone*, 157 F.2d 1002, 1003 (2nd Cir.1946).

In *Laczko*, the Bankruptcy Appellate Panel also discussed the "liberal rule" regarding dischargeability of unscheduled debts:

> The liberal rule is best illustrated by *Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964) where the court held that bankruptcy courts have the discretion to invoke their equity powers to allow amendment of schedules after the expiration of the claims period under exceptional circumstances, and the court suggested such circumstances exist where (1) the case is a no-asset one, (2) there is no fraud or intentional laches, and (3) the creditor was omitted through mistake or inadvertence.

*In re Laczko*, 37 B.R. at 678.

I decline to follow *Laczko* for the following reasons: (1) *Laczko* is not binding

precedent for this district; (2) *Laczko* fails to reconcile 11 U.S.C. § 523(a)(3) with 11 U.S.C. § 726(a)(2)(C); and (3) the Fifth Circuit's view in *Robinson v. Mann* represents a much better reasoned approach to the problem of unscheduled creditors as it allows an honest but mistaken debtor a fresh start.

### B. *Laczko* as Precedent.

*Laczko* is not binding precedent for this district. As pointed out by Judge O'Scannlain's special concurrence on *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir.1990):

I concur in the opinion of the court, but write separately to propose that the Judicial Council of this Circuit consider adoption of an order requiring that Bankruptcy Appellate Panel (BAP) decisions shall bind all of the bankruptcy courts of the circuit, subject to the restrictions imposed by Article III so well discussed in the opinion.

The Judicial Council of this Circuit established BAP under the authority of 28 U.S.C. § 158(b)(1). In an Amended Order Establishing and Continuing the Bankruptcy Appellate Panel of the Ninth Circuit dated May 3, 1985, our Judicial Council outlined BAP's power and functions. This Amended Order provided that BAP may hear and determine appeals from all districts within the Ninth Circuit which have authorized use of the BAP pursuant to 28 U.S.C. § 158(b)(2). The Amended Order does not describe, however, the binding effect of a BAP decision.

Making BAP decisions binding on all bankruptcy courts in the circuit would permit BAP to develop a uniform body of law. *See [In re] Windmill Farms,* 70 B.R. [618] at 622 [9th Cir. BAP 1987]. BAP was originally conceived with this goal in mind. *See Id.* To the extent that BAP decisions are not binding beyond the matter at hand, it is restricted from reaching the goal which was the impetus for its creation. I am inclined to the belief that most district courts and bankruptcy courts would welcome BAP's guidance on frontier bankruptcy issues

and therefore might well favor such a proposal. (footnotes omitted)

*Laczko* was not adopted as precedent by the Ninth Circuit when it was affirmed without an opinion at 772 F.2d 912 (9th Cir.1985). It was not intended as precedent because it was a "disposition that is not for publication," as defined in Rule 21(c) of the July, 1984 version of the Ninth Circuit Rules. Additionally, it appears that *Laczko* may have been overruled by the BAP's 1989 decision of *In re Bowen,* 102 B.R. 752 (9th Cir. BAP 1989). *Bowen* allowed a chapter 7 debtor to reopen his no-asset case to add an omitted creditor, under restricted circumstances.

### C. §§ 523 and 726.

One problem with *Laczko* is its failure to reconcile 11 U.S.C. § 523(a)(3) with 11 U.S.C. § 726(a)(2)(C). Section 726(a)(2)(C) allows payments to unsecured claims that are "tardily filed" if the creditor had no notice or actual knowledge of the bankruptcy case and the proof of claim is filed in time to permit payment. These payments are allowed on the same priority as timely filed claims. Yet § 523(a)(3) fails to differentiate between timely filed claims and tardily filed claims that received the same priority as timely filed claims. Nowhere does the statute address this inconsistency.

As pointed out in *In re Sandoval,* 102 B.R. 220, 222 (Bankr.D.N.M.1989):

It is my opinion that the statute [11 U.S.C. § 523] requires that in order for the debt to be determined to be non-dischargeable, the creditor must show that as a practical matter, a timely proof of claim could not have been filed.

11 U.S.C. Section 726(a)(2)(C) provides that a creditor can share in a distribution from the estate even if the creditor's claim is filed after the expiration of the claims filing period if the creditor did not have notice or actual knowledge of the case in time to timely file a proof of claim and the claim is filed in time for it to share in a distribution. In the instant case, the creditor alleges that it filed a proof of claim immediately upon being

informed of the bankruptcy. As a practical matter, the claim was filed in time to share in any distribution by the trustee had there been one, or if the trustee discovers assets and reopens the case as an asset case in the future.

In *Sandoval,* the court went on to find an omitted claim in a no-asset case to be dischargeable.

Bankruptcy Judge John E. Ryan was also critical of *Laczko* in *In re Hendricks,* 87 B.R. 114 (Bankr.C.D.Cal.1988). He stated:

> What perplexes me is why the BAP did not address the applicability of § 726(a)(2)(C) of the Bankruptcy Code. That section allows a creditor to participate in a distribution from the estate even if the claim is tardily filed provided (1) the creditor did not have notice or actual knowledge of the case in time to file and (2) the claim is filed in time for distribution. *Laczko* was a no-asset case. The creditor, therefore, could have participated in any distribution.

*In re Hendricks,* 87 B.R. at 116. Judge Ryan allowed the debtor to reopen his closed bankruptcy case to add an unscheduled creditor. There was no prejudice to the creditor by allowing the reopening.

The BAP's holding in *Laczko* leads to an unnecessarily harsh result to the debtor for no substantive reason. There has been no real harm to the unlisted creditor, other than possible costs and attorney's fees incurred prior to notice of the bankruptcy. These costs and fees are nondischargeable. *In re Sandoval,* 102 B.R. at 222.

D. Fresh Start.

The primary problem with *Laczko,* however, is that it fails to allow an honest but mistaken debtor a fresh start. As pointed out by Judge Volinn in his concurring opinion, found in *In re Bowen,* 102 B.R. 752, 756 (9th Cir. BAP 1989):

> With respect to the problem of reopening cases to explore the dischargeability of omitted debts, discretionary powers of the court to allow amendment of schedules may be the most practicable approach. As stated in *Laczko,* the decision in *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964), *reh'g denied,* 341 F.2d 297 (5th Cir.1965), represents the liberal rule. *Laczko,* 37 B.R. at 678. The court held in *Robinson* that bankruptcy courts have equitable discretion to allow amendment of schedules after the expiration of the claims period under exceptional circumstances, directing that the relevant considerations are (1) reasons for the omission, (2) extent of disruption attendant to the amendment, and (3) consequent prejudice to any creditor. *Id.* at 550. The court in *Laczko* thereby interpreted the *Robinson* decision as suggesting that justification for amendment exists when (1) the case is a no-asset one, (2) there is no fraud or intentional laches, and (3) the creditor was omitted through mistake or inadvertence. *Id.* at 679. *See also Rosinski v. Boyd (In re Rosinski),* 759 F.2d 539 (6th Cir.1985); *[Matter of] Stark,* 717 F.2d 322 [7th Cir.1983] (both holding that a debtor may reopen a no-asset case to add an omitted creditor when there is no evidence of fraud, intentional design or reckless disregard for the accuracy of schedules and the creditor is not prejudiced).

The *Robinson* approach would clarify the law and provide for a balance, which would allow for the debtor to have a discharge. As pointed out in *[In re] Lochrie,* [78 B.R. 257 (9th Cir. BAP 1987)], "there is a strong presumption in favor of discharge and a fresh start for the honest debtor. 'Exceptions to this general policy should be strictly construed against an objecting creditor and in favor of the debtor's right of discharge.' *In re Vickers,* 577 F.2d 683, 687 (10th Cir.1978)." *Lochrie,* 78 B.R. at 259. On the other hand, a creditor with a good faith nondischargeability claim should not be prejudiced by the passage of time, having disabled his ability to prove his case. Under the approach of *Robinson,* the debtor could not require a discharge hearing when his omission or inaction prejudiced a creditor from prosecuting a bona fide dischargeability claim; nor would the creditor have the windfall of escaping compliance with the requi-

**216**

sites of proving nondischargeability under section 523 simply by virtue of an inadvertent, but nonprejudicial, omission of his debt.

III.   Conclusion.

I adopt the rationale of Judge Volinn and find that exceptional circumstances exist in this case for the discharge of the Homestate claim.  The debt was not listed simply through mistake or inadvertence; there were no assets for distribution to creditors; there was no fraud or intentional laches. There was no prejudice to the creditor other than the incurring of costs and attorney's fees in state court.  The claim is nondischargeable to the extent of any attorney's fees and costs incurred by the creditor in pursuing its state court remedies prior to July 31, 1987.

Accordingly, IT IS HEREBY ORDERED:

(1) Defendant's motion for summary judgment is granted except as provided herein;

(2) Plaintiff's state court judgment of $18,662.33 is discharged, except to the extent of attorney's fees and costs incurred prior to July 31, 1987 by Homestate in support of its state law remedies;

(3) Plaintiff's counsel shall file an affidavit setting forth attorney's fees and costs incurred prior to July 31, 1987 within ten (10) days of this order; defendant's counsel shall have five (5) days to file written objections and request a hearing.  If no objections are filed, the fees and costs set forth in the affidavit will be found nondischargeable;

(4) Each party shall bear their own costs and attorney's fees for this action.