In re Gary F. KUHR and Janet Kuhr, Debtors.

SOUTHERN PACIFIC LAND COMPANY, a California Corporation, Plaintiff,

v.

Gary F. KUHR, Defendant.

Bankruptcy No. 186–02662–B–7F. Adv. No. 188–0273.

United States Bankruptcy Court, E.D. California, Fresno Division.

July 19, 1991.

David Ray Jenkins, Lang, Richert & Patch, George E. Harper, Fresno, Cal., for plaintiff, Southern Pacific Land Co.

Edward R. Kandler, Asst. U.S. Trustee, Fresno, Cal., for defendant-debtor.

## MEMORANDUM OPINION

BRETT J. DORIAN, Bankruptcy Judge.

### ISSUE

Can the claim of a creditor who receives notice of a bankruptcy filing in time to participate in dividends, if any, paid by the trustee, on the basis of what is termed in 11 U.S.C. section 726(a)(2)(C) a "tardily filed claim," on a par with creditors whose claims were filed before the claims bar date, be discharged, in view of 11 U.S.C. section 523(a)(3), even though the creditor did not receive notice of the bankruptcy filing prior to the expiration of that bar date?

### RULING

In accordance with the discussion set forth below the court concludes that the claim of such a creditor can be discharged and in this case is discharged.

### FACTS

Defendant Gary Kuhr (together with his spouse who is not a party to this proceeding) filed a voluntary Chapter 7 on July 30, 1986. The meeting of creditors pursuant to 11 U.S.C. section 341(a) was noticed for September 17, 1986. The Order and Notice for that meeting set December 16, 1986 [ninety days after the meeting as prescribed by Bankruptcy Rule 3002(a) ] as the last day to file a claim. The notice further provided that claims filed after the bar date would not be allowed *"except as otherwise provided by law."*

Defendant received his discharge on January 27, 1987. Subsequently he was served with a state court summons and complaint by plaintiff Southern Pacific Land Co. Defendant thereafter filed an amendment to his schedule of liabilities in which he added plaintiff as a creditor. Plaintiff acknowledges that it was served with a copy of the amendment on August 18, 1988.

There is nothing to indicate that the initial failure of the defendant to list the plaintiff as a creditor is attributable to any improper motive. Defendant's position is that he properly withdrew from Le Coq Farms, the partnership which incurred the underlying obligation, at the end of 1983, at which time the partnership owed nothing to the plaintiff; there was accordingly no reason to schedule the plaintiff as a creditor.

Plaintiff's state court complaint alleges that the breach giving rise to its claim occurred on May 15, 1986, and while it refers to an agreement dated January 1, 1982, which the defendant did sign as a partner, it also states that supplemental agreements were entered into on April 30, 1985, February 25, 1986, and July 14, 1987. None of these supplemental agreements, the last of which arose nearly a year after the defendant filed his bankruptcy petition, were signed by the defendant.

A Fictitious Name Business Statement filed by Le Coq Farms pursuant to California law with the Kern County Recorder on January 10, 1985, did not list defendant as a partner.

The administration of this case has not been concluded and no distribution has been authorized to be made to any creditor.

Plaintiff has not filed a claim in this case.

### DISCUSSION

Plaintiff relies principally on *In re Laczko*, 37 B.R. 676 (9th Cir. BAP 1984), *aff'd without opinion*, 772 F.2d 912 (9th Cir.1985), where the court invoked a strict interpretation of section 523(a)(3) to declare a debt non-dischargeable. However, this decision is of questionable vitality as noted in Judge Volinn's concurring opinion in *In re Bowen*, 102 B.R. 752, 756 (9th Cir. BAP 1989), is not binding in this district, *Bank of Maui v. Estate Analysis, Inc.*, 904 F.2d 470 (9th Cir.1990), and has been ably discredited by Judge MacDonald in *In re Brosman*, 119 B.R. 212 (Bankr.D.Alaska 1990), mainly because it needlessly violates the "fresh start" objective which bankruptcy is to furnish the honest debtor and ignores the effect of section 726(a)(2)(C) on section 523(a)(3).

Pursuant to 11 U.S.C. section 726(a)(2)(C), if plaintiff had filed a claim at any time after it received notice of the bankruptcy filing in August of 1988 (and it has had nearly three years in which to do so, there as yet being no distribution in this estate), it would have been able to share equally with creditors whose claims were filed prior to the December 16, 1986, bar date and accordingly would not have been prejudiced by the initial lack of notice of the bankruptcy filing. Even at this date laches would not bar the plaintiff from filing its claim and participating fully with creditors who "timely" filed. *In re Columbia Ribbon*, 54 B.R. 714, 718–20 (Bankr. S.D.N.Y.1985).

Section 523(a)(3) bars the discharge of a debt which is not scheduled in time to permit the timely filing of a proof of claim "unless the creditor had notice or actual knowledge of the case in time for such timely filing." The section does not define "timely," so the word must be analyzed in terms of the situation being addressed by the provision.

The only reason for filing a claim is to allow the claimant to participate in distributions from the bankruptcy estate being administered by the Chapter 7 trustee. Where there are no assets for distribution to creditors, the Bankruptcy Court is authorized under Bankruptcy Rule 2002(e) to advise creditors that it is unnecessary to file claims.

Claim filing in a Chapter 7 case is therefore solely an element of dividend distribution, and timeliness is employed as a standard for determining which creditors will share in asset distribution and which creditors will not. Under § 726(a)(2) "timely," in terms of receiving payment, places on an equal footing anyone who files "timely" under Bankruptcy Code sections 501(a), (b) and (c)—"timely" being defined for purposes of those subsections by Bankruptcy Rules 3002(c) and 3004—or who files "tardily" under section 501(a), provided that the creditor "did not have notice or actual knowledge of the case in time for timely

**424**

filing of a proof of claim" and "proof of such claims is filed in time to permit payment of such claim."

"Timely" under section 523(a)(3) can only mean filed in time to receive on an equal footing distribution of any dividends paid pursuant to section 726(a). Any other meaning defies logic and common sense. [See *In re Sitzberger,* 65 B.R. 256 (Bankr. S.D.Cal.1986) where a late filed claim was designated "timely" by the court.]

That the creditor in this case has chosen not to file a claim does not affect the debtor's right to a discharge of the debt, as the creditor's failure to file a claim is no different than the failure of a creditor who received notice at the outset of the case to file a claim.

While *Laczko* does continue to find adherents [*In re Corgiat,* 123 B.R. 388 (Bankr.E.D.Cal.1991); *In re Bosse,* 122 B.R. 410 (Bankr.C.D.Cal.1990)], the trend, as demonstrated by *Bowen, Brosman* and other cases [*In re Butt,* 68 B.R. 1001 (Bankr.C.D.Ill.1987); *In re Sandoval,* 102 B.R. 220 (Bankr.D.N.M.1989); *In re Beshensky,* 68 B.R. 452 (Bankr.E.D.Wis.1987); *In re Soult,* 894 F.2d 815 (6th Cir.1990); *In re Shannon,* 126 B.R. 900 (Bankr.S.D.Fla. 1991)] is clearly away from that view.

■ Based on the foregoing and the approach of the 5th Circuit in *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964) which prescribed a liberal approach to questions of discharge even before the advent of section 726(a)(2)(C), and the court finding no prejudice to plaintiff in its ability to participate fully with other creditors in any distribution which may occur in this case and the court further finding no element of fraud or intentional design on the part of defendant in the initial omission of the plaintiff from the list of liabilities [*In re Rosinski,* 759 F.2d 539 (6th Cir.1985)], it is the decision of the court that plaintiff's claim against defendant is discharged.

This memorandum will constitute Findings of Fact and Conclusions of Law. A separate judgment will issue.