**In re Joseph J. MARONEY, Debtor.**

**Joseph J. MARONEY, Movant,**

**v.**

**Donald BOWMAN, Respondent.**

**Bankruptcy No. 93–01117–PHX–CGC.**

United States Bankruptcy Court,
D. Arizona.

May 3, 1996.

Kevin S. Lewis, Phoenix, Arizona, for Debtor.

Paul M.B. de Blank, De Blank Law Office, P.A., Phoenix, Arizona, for Respondent.

D. Christopher Ward, Trustee, Phoenix, Arizona.

Michael P. Lane, Robert D. Beucler, Brandes, Lane & Joffe, P.C., Phoenix, Arizona, for Trustee.

## ORDER

### (Under Advisement Ruling)

CHARLES G. CASE, II, Bankruptcy Judge.

At the request of the Debtor, Joseph Maroney, the Court issued an Order to Show Cause to Donald Bowman for contempt, sanctions, and attorneys' fees for violation of a discharge order. The Respondent, Mr. Bowman, had sought to domesticate and collect upon a judgment obtained in Pennsylvania on October 26, 1990 in the amount of $17,266.86 plus interest.

This case was originally filed in 1993 as a Chapter 13 proceeding and later converted to Chapter 7. The Debtor did not list the Respondent's judgment on his schedules and did not give notice of the bankruptcy proceedings to the Respondent. On July 7, 1993 a discharge order was entered.

Thereafter, on October 29, 1993, the Respondent filed an action in Maricopa County Superior Court to enforce the judgment. Debtor was served with a summons and complaint and answered, pro per, asserting various affirmative defenses among them that the debt had been discharged in bankruptcy. Counsel for the Respondent advised the Debtor that, in his opinion, the debt had not been discharged because it had not been listed.

Debtor's bankruptcy counsel did not enter an appearance in the Superior Court action. Rather, after the matter had been reactivated from the inactive calendar and set for arbitration, Debtor's bankruptcy counsel notified the arbitrator and Respondent's counsel, in two separate letters, that he believed the arbitration should not proceed because the underlying debt had been discharged. Respondent's counsel notified the arbitrator and Debtor's bankruptcy counsel that he be-

lieved that the Superior Court had concurrent jurisdiction to determine the question of dischargeability and that it was his view that the debt had not been discharged because it had not been listed. The arbitrator ruled that the hearing would proceed. At the hearing, neither the Debtor nor his counsel appeared and the arbitrator thereafter filed an award with the Clerk of the Superior Court in favor of the Respondent in which he expressly stated that the Superior Court had concurrent jurisdiction with the Bankruptcy Court to determine whether the debt had been discharged and that it had not. The award was not appealed either to the Superior Court or the Court of Appeals and became a final and nonappealable judgment of the Superior Court as of December 12, 1995.

The Chapter 7 case was listed and processed as a "no asset, no bar date" case. Respondent asserts that the estate did have assets, specifically a $3 million judgment obtained by the Debtor and his wife against a third-party in connection with certain personal injuries suffered by the wife. From the facts gleaned at the hearing, it appears that Respondent first learned of the omission of the judgment around December, 1993. The case trustee was informed of the omission and reportably decided not to pursue the matter. Debtor asserts that it was appropriate to omit the judgment because it ran solely in favor of his wife and that he was added only as a "nominal" party.

In February, 1994, long after the discharge was entered and long after the deadline for filing a proof of claim had passed, the Debtor filed an amendment to his bankruptcy schedules retroactively listing the judgment. The bankruptcy case was open at that time and remains open to date.

The question presented by this case is whether the debt represented by the Respondent's judgment has been discharged. If so, the attempts by the Respondent to collect that judgment would be in violation of the discharge order; if not, the Respondent is free to attempt to collect the judgment.

The analysis in this case requires two parts. First, the Court must determine whether the debt was within the original scope of the discharge. Second, if the debt is within that scope, then the Court must decide what impact, if any, the Superior Court judgment finding that the debt had not been discharged has.

■■■ The answer to the first question is controlled by 11 U.S.C. § 727(b) and 11 U.S.C. § 523(a)(3). Section 727(b) provides that, except as provided in Section 523, the discharge under Section 727(a) discharges the debtor from all debts that arose prior to the commencement of the case, regardless of whether a proof of claim has been filed or whether the claim has been allowed. The broad scope of this section makes it clear that discharge is not dependent upon scheduling of the claim, filing a proof of the claim, or other affirmative act either by the creditor or the debtor. However, Section 523(a)(3) provides that the discharge does not extend to a debt which is "neither listed nor scheduled" in time to permit timely filing of a proof of claim. In this case, no bar date was ever set for the filing of a proof of claim; therefore the exception under Section 523(a)(3) does not apply. Therefore, under the terms of the Bankruptcy Code, the debt owed to the Respondent has been discharged.

This result has been expressly affirmed by the Ninth Circuit in *In re Beezley,* 994 F.2d 1433 (9th Cir.1993). As *Beezley* says, "If the omitted debt is of a type covered by 11 U.S.C. § 523(a)(3)(A), it has already been discharged pursuant to 11 U.S.C. § 727." 994 F.2d at 1434. In coming to his conclusion that the debt was not discharged, Respondent's counsel relied upon *In re Laczko,* 37 B.R. 676 (9th Cir. BAP 1984) aff'd w/o opinion 772 F.2d 912 (9th Cir.1985). *Laczko* is factually distinguishable since a bar date for filing claims had been set by the Court. In light of *Beezley* and the express language of the Code, Respondent's reliance on *Laczko* was misplaced.

The interesting question raised by this case, however, is whether the determination by the Superior Court to the contrary, which is final and has not been timely appealed, is nevertheless binding upon the Debtor under principles of res judicata or collateral estoppel. Respondent asserts that the Superior

Court had "concurrent jurisdiction" to determine whether or not the debt was discharged and that it has exercised that jurisdiction to determine that the debt had not been discharged. Respondent argues that the Debtor is now bound by that decision.

At first blush, this argument has appeal. However, even though "discharge in bankruptcy" is listed as an affirmative defense under *Ariz.Rules Civ.Proc.* (8)(c), it is really something more. Section 524 of the Bankruptcy Code provides that a discharge in a case under this title "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under Section 727 ...", whether or not discharge of such debt is waived." In this case, the discharge order was entered months before the arbitration. Therefore, the debt was discharged by the clear terms of the statute and under applicable Ninth Circuit law the subsequent judgment, including that portion of the judgment declaring that the debt was not discharged, is therefore void. Since a void judgment cannot be the basis for res judicata, the debt remains discharged notwithstanding the subsequent Superior Court judgment to the contrary.

Notwithstanding the fact that the debt has been discharged, this is not an appropriate case for sanctions. The issue is difficult. The Respondent proceeded after full notice to the Debtor, including notice to the Debtor that the issue would be resolved by the Superior Court. The Respondent relied in good faith upon the actions of the Superior Court and proceeded in good faith throughout. Therefore, no sanctions will be assessed against the Respondent.

The issue which remains is the omission of the $3 million judgment. If the omission was fraudulent, the appropriate remedy would be an adversary proceeding to revoke the discharge under Section 727(d)(1) or (2). Depending upon which of these sections is applicable, a complaint to revoke the discharge may or may not be currently barred by the time limits of Section 727(d). A final determination of that issue will await another day and only then if the Respondent determines to proceed with such an action.

Finally, under the terms of Sections 541(a), 554(c) and (d), the personal injury claim that resulted in the judgment became property of the estate (to the extent of the Debtor's interest in it) and remains so today since it was not scheduled as an asset of the estate. It is up to the parties (including the case trustee) to determine what further action, if any, is appropriate in these circumstances.

Therefore, for the foregoing reasons, **IT IS ORDERED:**

1. That the Debtor's debt to the Respondent represented by the judgment has been discharged; and

2. That no sanctions of any kind will be assessed against the Respondent at this time.

So ordered.