**In re Robert M. HENDRICKS and Yvonne Hendricks, Debtors.**

**Bankruptcy No. SA 86–01248 JR.**

United States Bankruptcy Court, C.D. California.

June 10, 1988.

R. Neil Rodgers, Orange, Cal., for debtors.

Michael M. Gless, Keesal, Young & Logan, Long Beach, Cal., for creditor.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

The issue before me is the appropriate standards to apply when a debtor requests that a case be reopened to add an unscheduled pre-petition creditor.

### JURISDICTION

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF FACTS

On September 27, 1983, Mr. Larry Forness commenced a lawsuit in state court (the "state proceeding") against First Commerce Trust Company ("First Commerce") for breach of his employment agreement and unpaid wages. Forness named Mr. Robert Hendricks ("Hendricks"), a princi-

pal of First Commerce and signatory to the employment agreement, as a defendant.

On March 11, 1986, debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code. When the debtors filed their petition, the state proceeding was pending. Debtors named First Commerce as a creditor on their schedules, but they did not list Forness. On March 31, 1986, a notice was sent to the scheduled creditors, fixing the § 341(a) meeting of creditors for June 20, 1986 and the last date for filing nondischargeability complaints under § 523(c) of the Bankruptcy Code. In addition, the notice gave the "no dividend notice" under Rule 2002(e) stating that

> Until it is determined that there are assets in this case.... Do not file a claim at this time.... Any claims received in this case will not be processed or acknowledged by this court. It if later appears that there are assets to be distributed, you will be given an opportunity to file.

On July 14, 1986, debtors received their discharge. On October 20, 1986, the case was closed.

On September 24, 1987, Forness received a judgment against Hendricks in the state proceeding (the "Claim"). Shortly thereafter, he recorded a lien against debtors' property.

On February 29, 1988, debtors brought a motion to reopen (the "Motion") their bankruptcy case to amend their schedules to add Forness in order to discharge the Claim. I denied the Motion finding that debtors had not established excusable neglect for their failure to list Forness as a creditor of the estate.

On April 12, 1988, debtors brought a motion for reconsideration of my order denying the Motion (the "Reconsideration Motion"). The Reconsideration Motion was based on a mistake of law. I took the matter under submission to determine if I applied the correct standard of law and if not, should debtors be allowed to reopen the case to amend their schedules.

## DISCUSSION

Fed.R.Civ.P. 60(b) states in part "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;".

Section 350(b) of the Bankruptcy Code provides "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Neither § 350(b) nor its legislative history describe the standards to apply when reopening a case to add an unsecheduled creditor. I must look, therefore, to case law for guidance.

In *Milando v. Peronne,* 157 F.2d 1002 (2nd Cir.1946), the court refused to reopen a no-asset case to allow the debtor to amend its schedules to add a pre-petition claim in order to obtain a discharge of the debt. The court stated "If, however, the bankrupt's purpose, to bar the creditor's suit, cannot be effected, the reopening and amendment are useless and should not be allowed." *Id.* at 1003. The court appropriately analyzed § 17(a)(3) of the Bankruptcy Act (the predecessor to § 523(a)(3) of the Bankruptcy Code). Section 17(a)(3) provided that a discharge would not release a bankrupt from an unscheduled debt if the time for filing the claim had expired unless the creditor had notice or actual knowledge of the proceedings. The time for filing a proof of claim in the case had expired. The *Milando* court reasoned that since the creditor was precluded from filing its claim and § 17(a)(3) prevented a discharge of creditor's claim, there was no practical reason for reopening the case.

In a later case, *Robinson v. Mann,* 339 F.2d 547 (5th Cir.1964), the court took an opposite position from the *Milando* court. In *Robinson,* the court vacated and remanded the trial court's determination that § 57(n) of the Bankruptcy Act bars any amendment to the debtor's schedules more than six months after the first meeting of creditors. Section 57(n) of the Bankruptcy Act provided that "claims which are not

filed within six months after first date set for the first meeting of creditors shall not be allowed...." *Id.* at 549. The Fifth Circuit stated that it did not believe that § 57(n) deprived the courts of the power to amend more than six months after the first meeting of creditors. *Id.* at 550. It reasoned that the primary purpose of § 57(n) was to "prod creditors to seasonably present their claims, not to force bankrupts to seasonably present their amendments." *Id.* at 550. Although it recognized the power to amend, it limited the exercise of such power to "exceptional circumstances appealing to the equitable discretion of the bankruptcy court". *Id.* One of the factors the court listed for consideration was the justification for the failure to list the creditor in question. *Id.*

The Ninth Circuit Bankruptcy Appellate Panel (the "BAP") reviewed this area of the law in *In re Laczko*, 37 B.R. 676 (9th Cir. BAP 1984). In *Laczko*, the debtor filed a motion after the no-asset case was closed to amend his schedule of unsecured creditors to include a pre-petition claim. The trial court granted the creditor's motion for summary judgment denying the debtor's request to reopen and the BAP affirmed. The BAP recognized the conflict in precedent as illustrated by the *Robinson* and *Milando* holdings. It acknowledged that generally § 523(a)(3), the successor to § 17(a)(3) of the Bankruptcy Act, has been used to deny the reopening of a case to amend schedules, despite exceptional circumstances, where the claims period has expired. 37 B.R. at 678. See also *In re Iannacone*, 21 B.R. 153 (D.Mass.1982), where the court refused to reopen the bankruptcy to allow the debtor to add a creditor after the time for filing a proof of claim had expired.

In *Laczko*, the BAP distinguished *In re Stark*, 717 F.2d 322 (7th Cir.1983), which was a no-asset case where the creditors received a "no dividend notice" informing them that it was unnecessary to file a claim unless additional assets were discovered. In that situation, the *Stark* court held that the debtor could reopen the case to add an amended creditor because the creditor was not precluded from filing a proof of claim.

717 F.2d at 324. Recognizing this important distinction in *Laczko*, the BAP stated that "because the date to file claims was never set, § 523(a)(3) was never triggered." 37 B.R. at 679. After highlighting the divergent views as expressed by the *Milando* and *Robinson* holdings, the BAP in *Laczko* followed the *Milando* view and affirmed the trial court because the bar date had elapsed, thereby denying the creditor the opportunity to file its claim.

■ By implication, the *Laczko* court would have followed the *Stark* had the BAP not found that the creditor was barred from filing its claim. What perplexes me is why the BAP did not address the applicability of § 726(a)(2)(C) of the Bankruptcy Code. That section allows a creditor to participate in a distribution from the estate even if the claim is tardily filed provided (1) the creditor did not have notice or actual knowledge of the case in time to file and (2) the claim is filed in time for distribution. *Laczko* was a no-asset case. The creditor, therefore, could have participated in any distribution. In any event, *Laczko* appropriately stands for the principle that a case will not be reopened if the creditor is prejudiced.

■ The facts here mirror those in *Stark*. The no dividend notice was sent to creditors under Rule 2002(e). Section § 523(a)(3)(A) was, therefore, never triggered.

However, the *Stark* matter occurred before the new Rules were in effect. In particular, Rule 9006(b) limits the power of the bankruptcy judge to enlarge the 60–day filing requirement for a § 523(c) dischargeability complaint to the conditions stated in Rule 4007(c). Section 523(c) provides that *except as otherwise provided in § 523(a)(3)(B)*, the debtor will be discharged from a § 523(a)(2), (4), or (6) debt unless the court finds the debt nondischargeable. To get this determination, the creditor must file a complaint within the time bar of Rule 4007(c).

Section 523(a)(3)(B) excepts from discharge any debt that was

neither listed nor scheduled under § 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit. . . .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Integrating § 523(a)(3)(B) with Rules 4007(c) and 9006(b) and the *Stark* and *Laczko* holdings, Forness can still file a proof of claim because the bar date for filing proofs of claim has not elapsed. However, Forness is foreclosed from asserting the nondischargeability of the Claim under § 523(a)(2), (4) or (6) because Rules 4007(c) and 9006(b) combine to prevent the untimely filing of such a complaint.

Debtors assert that Forness has not been prejudiced. This appears to be the case because he did not argue that debtors' failure to list him on their schedules prevented him from asserting the nondischargeability of the Claim under § 523(a)(2), (4), or (6). If he had asserted this, I would then have been faced with the issue of prejudice. Because Forness did not assert prejudice of this kind, § 523(a)(3)(B) was never triggered.

In denying the Motion, I applied an incorrect standard of law. On review, I find no prejudice to Forness in allowing debtors to reopen the case to add the Claim. Clearly, the purpose for reopening is achieveable. The Claim will automatically be discharged.

Although there may be some confusion on the issue of automatic discharge under these circumstances, there should not be. Section 727(b) of the Bankruptcy Code provides that unless the debt is excepted from discharge under § 523 (which is not the case here and in my view should always be a condition to reopening), a discharge (which has already been granted) discharges debtors from all pre-petition debts

(which includes the Claim). Accordingly, the Reconsideration Motion is approved.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.