**In re Hilary Louis WALENDY and Paula La Verne Walendy, Debtors.**

**ADVENT MOLD, INC., an Arizona corporation; and Advent Technology, Inc., an Arizona corporation, Plaintiffs,**

**v.**

**Hilary Louis WALENDY and Paula La Verne Walendy, Defendants.**

Bankruptcy No. LA 87–05795–CA.

Adv. No. LA 89–1871–CA.

United States Bankruptcy Court, C.D. California.

Aug. 17, 1990.

Kirk A. McCarville, Phoenix, Ariz., for plaintiffs.

Kenneth B. Rodman, Westlake Village, Cal., for defendants.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

On March 26, 1987 the debtors Hilary and Paula Walendy ("debtors") filed a petition for relief under Chapter 7 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 1007, the debtors filed a list containing the names and addresses of their creditors. There were 23 creditors listed in the debtors' schedules. Most of the creditors were related to an Arizona corporation, Wickenburg Plastics. The debts to these creditors were incurred by the debtors while they were officers and shareholders of Wickenburg Plastics.

In November 1984, Advent Mold, Inc. and Advent Technology, Inc., both Arizona corporations, (collectively "Advent"), filed a complaint for breach of contract against Wickenburg Plastics and the debtors. In June 1985, unbeknownst to the debtors, Advent obtained a $61,971.85 default judgment against them. The complaint did not contain any allegations of fraud and the judgment did not award any damages for fraud or misrepresentation. The debtors did not become aware of the judgment until April 1989 when Advent attempted to collect. The pre-petition claim represented by the judgment was not included in the debtors' schedules filed with their Chapter 7 petition.

The debtors were granted a discharge of their debts in October 1987, prior to the time they became aware of Advent's judgment. In November 1987, the debtors' case was closed. In May 1989 the debtors filed an *ex parte* motion seeking to reopen the case. The case was reopened by order of this court on May 30, 1989. This order was not appealed and is final.

In September 1989, after the case was reopened, Advent filed the present complaint seeking to have its debt determined non-dischargeable pursuant to § 11 U.S.C. 523(a)(3). The debtors filed a motion for summary judgment contending that because this is a no-asset case and no claims bar date was ever set, § 523(a)(3) does not apply and that they are entitled to amend their schedules to include the pre-petition debt owed to Advent. Advent filed opposi-

tion to the debtors' motion for summary judgment and filed a cross-motion for summary judgment. Advent asserts that the debtors failed to make a good faith effort to include the debt in their schedules. As a result, Advent had no notice of the bankruptcy proceeding and had no opportunity to file a proof of claim or to "object to the bankruptcy while the case was open and pending."

As the preceding facts are not in dispute, the central area of disagreement between the parties is whether the debtors deliberately or dishonestly omitted the debt from their schedules as Advent contends, or whether the debt was omitted through mistake or inadvertence as the debtors contend. The debtors testified in their depositions that Mr. Seplow, an Arizona attorney, had represented them in the state court lawsuit and had filed a cross-complaint on their behalf before withdrawing as their counsel in February 1985. The debtors testified that they consented to the withdrawal of Mr. Seplow because they were advised by him that a settlement had been negotiated which provided for a mutual release of the actions. On the motion to withdraw as counsel the debtors' address was listed as the address of Wickenburg Plastics. At about this same time, the debtors resigned as officers and directors of Wickenburg Plastics. After February 1985 the debtors never received any pleadings or notices from the Arizona court or any other party to the lawsuit. The debtors continued to reside in Arizona until August 1985 when they moved to California.

Advent points to the fact that while eight of the listed creditors had neither sued nor indicated that they intended to sue, Advent's claim was left off the schedules, even though Advent had filed a law suit against the debtors. Despite knowledge of the law suit, the debtors never took any affirmative steps to verify whether the Arizona action had been dismissed at the time they prepared their bankruptcy petition. Advent states that the debtors' purported reasons for not listing Advent on the schedules were that Advent owed the debtors money and that Mr. Seplow said they had reached a compromise. In his deposition Mr. Seplow denied that he had said that a compromise had been reached. Furthermore, Advent contends that the debtors failed to take any steps to ensure that their personal mail from Arizona would be forwarded to them. Advent claims that these actions surrounding the omission show a deliberate and reckless disregard by the debtors.

Because of this omission, Advent was unable to file its claim and participate in the bankruptcy proceeding. Advent argues that as a result, it is entitled under § 523(a)(3)(A) to have its debt declared nondischargeable. Section 523(a)(3)(A) provides that "a debtor is not discharged from a debt that was neither listed nor scheduled ... in time to permit ... timely filing of a proof of claim...."

The leading case in this circuit regarding amendment of schedules to add an omitted creditor is *In re Laczko,* 37 B.R. 676 (9th Cir. BAP 1984), *aff'd,* 772 F.2d 912 (9th Cir.1985). In *Laczko,* the Bankruptcy Appellate Panel recognized the conflicting authority presented by circuit court decisions and adopted the strict approach typified by *Milando v. Peronne,* 157 F.2d 1002 (2nd Cir.1946). The strict approach generally does not allow the amendment of a debtor's schedules unless the creditor had actual knowledge of the case. *Laczko,* 37 B.R. at 678–79. However, the *Laczko* court noted that there may be exceptions to this general rule when the court, pursuant to Rule 2002(e), notifies creditors that there are no assets and therefore no claims should be filed until further notice. In this situation the date to file claims is never set and thus § 523(a)(3)(A) is not triggered. *Laczko,* 37 B.R. at 678–79 (discussing *In re Stark,* 717 F.2d 322 (7th Cir.1983)); *see In re Hendricks,* 87 B.R. 114, 116 (Bankr.C.D.Cal. 1988). The *Laczko* court implied that when notice is given under 2002(e) not to file claims it would follow the *Stark* holding and allow amendment of the schedules and discharge of the debt. *See Hendricks,* 87 B.R. at 116.

The rationale behind the *Stark* holding is that in a no-asset bankruptcy where a no dividend notice has been given to the creditors, creditors who have been left off of the schedules "[have] not been harmed in any

way, and the debtors have not been required to forfeit any of their benefits under the bankruptcy code." *Stark,* 717 F.2d at 324. The facts in this case are analogous to *Stark.* This is a no-asset case in which a no dividend notice was sent to creditors pursuant to Bankruptcy Rule 2002(e). Advent concedes that because the omitted debt is a simple contract debt, it does not have a cause of action under § 523(a)(2), (4) or (6). Therefore there is no basis for non-dischargeability unless § 523(a)(3)(A) applies.

Under the *Stark, Hendricks,* and *Laczko* decisions, § 523(a)(3)(A) is not triggered unless a claims bar date has been established. *Hendricks,* 87 B.R. at 116; *see also In re Bowen,* 102 B.R. 752 (9th Cir.BAP 1989). As this case is open and no claims bar date has been set, Advent is entitled to an allowed claim. In the event that assets are discovered Advent will take its pro rata distribution. Thus, Advent has not suffered any prejudice whatsoever by the debtors' omission. Indeed, at argument counsel for Advent could not point to any way in which Advent's claim had been prejudiced other than the fact that Advent did not receive notice. Advent indicated that it might be able to find assets that the debtors had not scheduled. Advent did not provide any substantive evidence that such assets exist, but even if Advent were to find unscheduled assets, as stated above, Advent will be allowed to share in any distribution along with all other creditors. Lack of notice within the context of the present case is simply not enough to demonstrate prejudice. If it were, there would be no reason for the *Stark, Hendricks, Laczko,* and *Bowen* cases to distinguish no-asset no dividend notice cases from other cases. Advent merely seeks a windfall because of the debtors' omission.

Further bolstering the *Stark* decision is the plain language of the Statute. Section 523(a)(3)(A) provides that a debt is non-dischargeable when it is not scheduled in time to permit timely filing of a claim. In this case, the claim asserted by Advent is timely filed because no bar date was ever set. Therefore, under a plain reading of § 523(a)(3)(A) Advent's debt is not non-dischargeable.

Finally, Advent contends that the debtors deliberately or dishonestly omitted the debt from the schedules. While this issue is disputed by the debtors it is not necessary to resolve the dispute because Advent has suffered no prejudice and under the *Stark, Laczko,* and *Hendricks* decisions the debtor is entitled to judgement as a matter of law. Regardless of an intentional design or not, Advent was not prejudiced by the omission of the debt from the debtors' schedules. As such, it has no basis for its claim to be determined non-dischargeable.

Based on the foregoing, I grant the debtor's motion for summary judgement and hold that the debtors can amend their schedules to include the debt owed to Advent as this debt is not non-dischargeable under 11 U.S.C. § 523(a)(3)(A).

This memorandum constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate judgment will be entered.