**In re Henrietta THOMPSON, Debtor.**

**Bankruptcy No. 891–84487–20.**

United States Bankruptcy Court,
E.D. New York,
Westbury Division.

Jan. 30, 1995.

Gerald Mann, Sheldon Barasch, Robert Garner, DC 37 Municipal Employees Legal Services Plan, New York City, for debtor.

Marc Stuart Goldberg, Chapter 7 Trustee, New York City.

Stan Y. Yang, Office of U.S. Trustee, Garden City, NY.

## MEMORANDUM DECISION

ROBERT JOHN HALL, Bankruptcy Judge.

### Preliminary Statement

Before the Court[1] is a motion which brings forth a familiar issue: whether to allow a debtor to amend the bankruptcy schedules to add a debt not originally included in the petition, and to grant the debtor a discharge of the debt. One vexing aspect of this motion has created the problem in this and many of our other cases. That aspect concerns the scenario where the debtor makes application to amend the bankruptcy schedules, after the time allotted for the creditor to file an action to determine the dischargeability of the debt. A sub-issue that arises is whether the court should extend that creditor's time to file a dischargeability complaint, notwithstanding certain practical obstacles and a Federal Rule of Bankruptcy Procedure that only allows such extensions to be granted before the allotted time has expired.

[1]. The Court has jurisdiction over this case pursuant to sections 1334, 157(a) and 157(b)(1) of title 28, United States Code and the order of referral of matters to the bankruptcy judges by the United

■ After extensive analysis, the Court has determined that Bankruptcy Code section 523(a)(3) controls the vast majority of the scenarios which may be present when a debtor seeks to add a creditor not originally included in the bankruptcy petition. The outcome under section 523(a)(3) will vary depending upon three factors: (i) how long after the bankruptcy filing the debt is finally scheduled, (ii) whether the debtor commenced an asset or a no-asset case; and (iii) whether the debt is of, what we will term, the "fraud class." The problem to be addressed herein is the addition of a debt to the schedules of a no-asset case, after the time for filing dischargeability complaints has expired. We will cover the generally applicable law, then the problem, then its resolution.

## DISCUSSION

Section 523(a) sets forth debts that are excepted from the discharge received by individual debtors. 11 U.S.C. § 523(a). The portion of this statute that governs non-scheduled debts provides:

(a) A discharge under section 727, 1141, 1228[a,] 1228(b), or 1328(b) of [the Bankruptcy Code] does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of [the Bankruptcy Code], with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had no-

States District Court for the Eastern District of New York (Weinstein, C.J., 1986). The Motion is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (O) (1994).

tice or actual knowledge of the case in time for such timely filing and request; .....

11 U.S.C. § 523(a)(3).

As can be seen, section 523(a)(3) distinguishes between those debts which are, and those debts which are not, "of a kind specified in paragraph (2), (4), or (6)" of the subsection. *Id.* Parts (2), (4) and (6) of section 523(a) comprise a group of debts that may be referred to as being within the "fraud class." *Id.* § 523(a)(2), (4), (6). Fraud class debts consist of the debtor's obligations which derive from circumstances including false pretenses, actual fraud, embezzlement, larceny, or willful or malicious injury. *Id.*

A fraud class debt is not automatically excepted from discharge. 11 U.S.C. § 523(c). The creditor or party in interest must commence an adversary proceeding and obtain a judgment determining such debt non-dischargeable. *Id.* § 523(c)(1); Fed. R.Bankr.P. 4007. Unless the court determines fraud class debts non-dischargeable, the individual debtor "shall be discharged" from such debts. 11 U.S.C. § 523(c)(1). The creditor's ability to file a timely dischargeability complaint is plainly critical where a fraud class debt is concerned.

In cases under chapter 7,[2] dischargeability complaints may be filed not later than 60 days following the first date set for the meeting of creditors conducted pursuant to Code section 341(a). Fed.R.Bankr.P. 4007(c). This is not an abundant amount of time for creditors and parties desiring to file such complaints. If a debtor fails to schedule a fraud class debt in time to permit the filing of a timely dischargeability complaint, this improperly disables the creditor. Accordingly, section 523(a)(3)(B) bars the discharge of any fraud class debt not scheduled in time to permit the creditor to file a timely dischargeability complaint. 11 U.S.C. § 523(a)(3)(B).

Section 523(a)(3) also makes reference to the addition of debts to the bankruptcy schedules in time to permit the "timely filing of a proof of claim." 11 U.S.C. § 523(a)(3)(A), (B). This is an important

time period for creditors to whom the debtor owes *either* fraud or non-fraud class debts. A creditor's right to share in a distribution of estate assets is highly constricted (or eliminated) if the creditor fails to file a proof of its claim. *Id.* § 726(a)(2). In cases under chapter 7 of the Bankruptcy Code, the final date upon which proofs of claims may be filed is 90 days after the first date set for the section 341(a) meeting of creditors. Fed.R.Bankr.P. 3002(c). If the debtor does not schedule a debt in time to permit the creditor to file a timely proof of claim, the debtor has improperly obstructed the creditor's ability to share in a distribution of the estate's assets. *See* 11 U.S.C. § 726(a)(2); *id.* Accordingly, section 523(a)(3) bars the discharge of non-fraud class debts not scheduled by the debtor in time to permit the creditor to file a timely proof of claim. 11 U.S.C. § 523(a)(3)(A). Fraud class debts are treated slightly differently and are considered next.

■ Section 523(a)(3)'s bifurcation requires the debtor to schedule debts within certain time periods which depend upon whether the debt is of the fraud class. *Id.* If a debt is within the fraud class, the debtor's neglect in scheduling the debt can prejudice the creditor's ability to file either a dischargeability complaint or a proof of the claim. *Id.* § 523(a)(3)(B). Therefore, fraud class debts are required to be scheduled in time to permit *both* the timely filing of a proof of claim and the timely filing of a dischargeability complaint. *Id.; Haga v. National Union Fire Ins. Co. (In re Haga),* 131 B.R. 320, 323 (Bankr.W.D.Tex.1991) (citing *In re Padilla,* 84 B.R. 194, 196 (Bankr. D.Colo.1987)). A debtor's failure to schedule a debt in time to permit a creditor to perform either action is plainly egregious. Section 523(a)(3)(B) therefore prevents the discharge of such untimely scheduled debts. 11 U.S.C. § 523(a)(3)(B).

■ For non-fraud debts, there is no need to be concerned that a debtor will not schedule the debt in time to allow the creditor to file a timely dischargeability complaint. *See* 11 U.S.C. § 523(a)(3)(A); 523(c); Fed.

---

**2.** The motion before us only concerns the discussed issues as they arise in cases under chapter

7 of the Bankruptcy Code.

R.Bankr.P. 4007(b). A complaint seeking a determination that a non-fraud class debt is non-dischargeable may be filed "at any time." Fed.R.Bankr.P. 4007(b). Section 523(a)(3)(A) accordingly does not bar the discharge of non-fraud class debts, even if they are scheduled after the time allotted for the filing of complaints to determine the dischargeability of fraud class debts. 11 U.S.C. § 523(a)(3)(A). Section 523(a)(3)(A) only requires that the debtor schedule non-fraud class debts in time to permit the timely filing of a proof of claim by the creditor. *Id.* § 523(a)(3)(A).

Fraud class debts compel the creditor to be concerned with both the filing of a proof of claim, and with the dischargeability of the debt. The debtor's neglect should not impede the creditor from pursuing either right.

█ So, to recap, where the debtor seeks to add non-fraud class debts, one test applies: whether the debt was scheduled in time to permit the timely filing of a proof of claim. 11 U.S.C. § 523(a)(3)(A). The debtor's addition of fraud class debts requires application *of two tests: whether the debt was scheduled in time to permit both the timely filing of a proof of claim and the timely filing of a dischargeability complaint. Id.* § 523(a)(3)(B). If an individual debtor does not timely schedule any debt, that debt will be excepted from his or her discharge. *Id.* § 523(a)(3).

█ We consider these precise time periods favorable. Indeed, because they are statutory, we must enforce them. The policy should be to allow liberal amendments of the schedules by a debtor. *See* Fed.R.Bankr.P. 1009(a); *In re Candelaria,* 121 B.R. 140, 144 n. 2 (E.D.N.Y.1990) ("Bankruptcy Code favors accuracy in debtors' schedules") (citing *In re Godley,* 62 B.R. 258, 261–62 n. 1 (Bankr.E.D.Va.1986); *In re Jensen,* 46 B.R. 578, 581 (Bankr.E.D.N.Y.1985)). If a debt is added within the respectively allotted time periods, it may be discharged in due course. But if a debt is not timely added, the statute must be adhered to and that debt must be excepted from the debtor's discharge. Any request by the debtor for a discharge of this untimely scheduled debt must also be denied.

**The Chronic Dilemma**

As briefly stated above, in addition to whether the debt is of the fraud class, the results of the application of section 523(a)(3) are also quite dependent upon whether the case is an asset or a "no-asset" case. The addition of originally unscheduled debts to the no-asset case can generate a difficult issue. It is a recurrent issue with which we and other courts and commentators have struggled. *See generally* Wayne Johnson, *Discharging Unscheduled Debts: Creating Equal Justice for Creditors by Restoring Integrity to Section 523(a)(3),* 10 Bankr.Dev.J. 571 (1994); Sue Ann Slates, *The Unscheduled Creditor in a Chapter 7 No–Asset Case,* 64 Am.Bankr.L.J. 281 (1990) [hereinafter Slates, *The Unscheduled Creditor* ]; *e.g., Milando v. Perrone,* 157 F.2d 1002, 1003 (2d Cir.1946); *see, e.g., Candelaria,* 121 B.R. at 142–44; *In re Benham,* 157 B.R. 655, 656 (Bankr.E.D.Ark.1993); *In re Karamitsos,* 88 B.R. 122, 123 (Bankr.S.D.Tex.1988). The problem is caused not so much by section 523(a)(3), but by the different time periods for filing proofs of claims. The time for filing proofs of claims depends completely upon whether there are assets in the case. Fed.R.Bankr.P. 2002(e), 3002(c).

█ Consider the addition of a non-fraud class debt to the schedules of a no-asset case. The debt must be scheduled within one time period: in time to permit the timely filing of a proof of claim. 11 U.S.C. § 523(a)(3)(A). However, in no-asset cases, notice is sent to creditors that it is unnecessary to file proofs of claims. Fed.R.Bankr.P. 2002(e). Only if it appears that a dividend payment might be possible, would creditors be notified of the institution of a final date for the filing of proofs of claims. Fed.R.Bankr.P. 3002(c)(5). So in all no-asset cases, the time to file proofs of claims *never expires,* because it never commences. *See* Fed.R.Bankr.P. 2002(e). Therefore, the debtor could theoretically add non-fraud debts to the schedules of the no-asset case forever. None of the added debts would be excepted from discharge by section 523(a)(3), since that section only prevents the discharge of non-fraud class debts not scheduled in time to allow the

creditor to file a timely proof of claim. 11 U.S.C. § 523(a)(3)(A); *e.g., Ford v. Ford (In re Ford),* 159 B.R. 590, 591 (Bankr.D.Or. 1993) ("Section 523(a)(3)(A) is inapplicable to a no asset, no claim-bar case.") (citing *In re California Land Title Co. (In re Beezley),* 994 F.2d 1433 (9th Cir.1993); *In re Walendy,* 118 B.R. 774, 775 (Bankr.C.D.Cal.1990)); *In re Padilla,* 84 B.R. 194, 195–96 (Bankr.D.Co. 1987).

If the debtor seeks to add a fraud class debt to the schedules of a no-asset case, the result is very different. The dual period applies: the debt must be scheduled in time to permit both the timely filing of a proof of claim and a timely dischargeability complaint. 11 U.S.C. § 523(a)(3)(B). Even though the time to file a proof of claim will not expire because it is a no-asset case, Fed. R.Bankr.P. 2002(e), the period within which timely dischargeability complaints may be filed still exhausts after time. *Id.* 4007(c). The existence of assets has no bearing upon the deadline for the filing of dischargeability complaints. *See id.* Once either the time for filing of dischargeability complaints or the time for filing proofs of claims has expired, section 523(a)(3)(B) is triggered and fraud debts scheduled thereafter are excepted from discharge. 11 U.S.C. § 523(a)(3)(B).

■ It is therefore very relevant in no-asset cases whether an untimely scheduled debt is of the fraud class. *See In re Candelaria,* 121 B.R. 140, 144–45 (E.D.N.Y.1990) ("Unless a creditor can show that his [or her] debt actually comes within the exceptions provided for in paragraphs (2), (4) and (6), there is no reason to deny a debtor the benefit of a full discharge in a no asset case simply because he inadvertently omitted a debt."); *In re Padilla,* 84 B.R. 194 (Bankr. D.Colo.1987); *In re Zablocki,* 36 B.R. 779, 782 (Bankr.D.Conn.1984). If the debtor alleges that the debt is not of the fraud class and prevails, the debt may be scheduled and discharged, theoretically, years after the bankruptcy case is closed. 11 U.S.C. § 523(a)(3)(A); Fed.R.Bankr.P. 2002(e). If somehow debtor's allegation fails and the debt is determined to be a fraud debt, the allotted time is much shorter. *See* Fed. R.Bankr.P. 4007(c). In no-asset cases, the

debtor has only until expiration of the deadline to file dischargeability complaints to schedule each fraud debt of which a discharge is desired. *Id.*

■ In no-asset cases, *every* application for authority to amend the schedules after the dischargeability complaint deadline raises this one critical issue: whether the added debt is a fraud class debt. 11 U.S.C. § 523(a)(3). This issue must be determined in order to apply section 523(a)(3) correctly. *Id.* If the debt is not of the fraud class, subsection (a)(3)(A) applies and the debt may be scheduled (theoretically) at any time and discharged. Alternatively, if the debt is a fraud debt, subsection (a)(3)(B) applies and the debt may be scheduled *but not* discharged. *In re Zablocki,* 36 B.R. 779, 782 (Bankr.D.Colo.1984) (". . . to establish the § 523(a)(3)(B) exception, a creditor must show that he actually had grounds under § 523(a)(2), (4) or (6) and that the debtor's failure to schedule him deprived him of the opportunity to assert these grounds at the proper time.") (citing 1 Norton, Bankruptcy Law and Procedure, § 27.67 at 94 n. 10 (1981)).

■ Whether the debt is of the fraud class must somehow be determined. *In re Candelaria,* 121 B.R. 140, 144–45 (E.D.N.Y. 1990); *In re Haga,* 131 B.R. 320, 323 (Bankr. W.D.Tex.1991) ("the resolution of the issue lies in the interpretation of the phrase "debt is of a kind specified" [in section 523(a)(2), (4) or (6) ]"); *In re Padilla,* 84 B.R. 194 (Bankr. D.Colo.1987); *In re Sarapas,* 83 B.R. 195, 197 (Bankr.D.Mass.1988); *In re Zablocki,* 36 B.R. 779, 782 (Bankr.D.Conn.1984). That much is clear. *Sarapas,* 83 B.R. at 197 ("The essential inquiry under § 523(a)(3)(B) is whether the omitted creditor had a viable § 523(a)(2), (4) or (6) claim at the time of the original petition. If the creditor shows the existence of such a claim, the inquiry turns to whether the creditor had notice or actual knowledge of the bankruptcy in time to meet the time limits set by Bankr.R. 4007(c).") (quoted by *Haga,* 131 B.R. at 325). The debtor's application for authority to amend his or her schedules itself does not place the issue before the bankruptcy court. Fed. R.Bank.P. 1009; *e.g., In re Candelaria,* 109

B.R. 600, 601 (Bankr.E.D.N.Y.1990) ("The debtor's application does not establish whether the debt now sought to be scheduled is specified in paragraphs (2), (4) or (6) of Code section 523(a)."). It is to be expected that the debtor will not list the debt as one that derives from fraud. The application does not even put the matter on for a hearing or give notice to the creditor before the relief is granted. Fed.R.Bankr.P. 1009(a).

### Resolution

The resolution of these issues can be obtained in of two ways. The court can grant additional time to the added creditor to file a dischargeability complaint, or the court can make a determination of whether the debt is a fraud class debt.

 We have little reservation holding that the time to file a dischargeability complaint cannot be enlarged after it has expired. For one, the Federal Rules of Bankruptcy Procedure expressly permit the bankruptcy court to render orders extending the deadline to file a dischargeability complaint only if the allotted time has yet to expire. Fed.R.Bankr.P. 4007(c); *e.g.*, *Haga*, 131 B.R. at 325–27. But we deem equally important the unsatisfactory precedential effect such an order would provide. *See In re Barnes*, 969 F.2d 526 (7th Cir.1992); *In re Davidson*, 36 B.R. 539 (Bankr.D.N.J.1983).

In a district where the debtor knows that the bankruptcy court will extend the time for the added creditor, the debtor has a genuine strategic advantage. Suppose the debtor has 100 creditors, and one is particularly aggressive. The debtor files a bankruptcy petition and successfully leaves this creditor out of all proceedings. The debtor waits until he or she has obtained a discharge and the bankruptcy case is closed. Then the debtor files an application to add this creditor's claim to the schedules and requests that the debt be discharged. (If the court does not extend the time to file a dischargeability complaint, the debtor's plot is successful without further action.) Often, to encourage the court to discharge the debt, and claiming good faith, debtors waive the deadline for the filing of a dischargeability complaint. From the debtor's prospective, this is a beneficial scenario.

Now, instead of plowing through a bankruptcy case with 100 creditors and this aggressive creditor, it is simply the debtor and the aggressive creditor, one on one. After receiving a discharge, the debtor could have saved for months or years for this litigation. The war chest could be full. The creditor has almost none of the benefits other creditors had during the pendency of the case. It cannot attend a section 341 meeting to become acclimated to the case. *See* 11 U.S.C. § 341(a). There is no engaged chapter 7 trustee from whom to learn anything. The creditor has no opportunity to be privy to other dischargeability actions while pending. The bankruptcy case file will have to be retrieved from federal archives. The official docket may not be readily available for a time and the publicly accessible computer-accessed docket may never again be available. Minutes of hearings not ordered during the case are difficult (if not impossible) to attain. It is not hard to imagine that the court might probably not welcome the re-opened case and new adversary proceeding with open arms. *See, e.g., In re Guzman,* 130 B.R. 489 (Bankr.W.D.Tex.1991) (noting administrative inconvenience of re-opening cases). Evidence and witnesses have become stale. The possibility of a settlement, even an amicable one, is lessened substantially: While the bankruptcy case is open and pending, a strong dischargeability complaint can be settled easier since the debtor still must be concerned with the possibility that the action might lead to an action for a complete bar to the debtor's discharge. *See* 11 U.S.C. § 727(a), (c), (d), (e); Fed.R.Bankr.P. 4004(a). If sufficient facts are proved in an action to determine the dischargeability of a particular debt, the debtor must be aware of the possibility of a general bar to discharge. This leads to settlements while the case is open. There is little chance the debtor will be as concerned where the case was closed sometime ago and the court would have to vacate the discharge already granted.

For these reasons, from the debtor's prospective there is too much incentive to exclude certain debts from the schedules, and too little disadvantage. Even if the creditor is given the opportunity to participate in the

re-opened case, the prejudice is too great to warrant correcting the debtor's mistake. *See* Slates, *The Unscheduled Creditor,* 64 Am. Bankr.J. at 287, 294 (citing *Peterson v. Anderson (In re Anderson),* 72 B.R. 783, 786 (Bankr.D.Minn.1987)); *see also Birkett v. Columbia Bank,* 195 U.S. 345, 350, 25 S.Ct. 38, 39, 49 L.Ed. 231 (1904) (discharge refused where creditor received notice too late to participate). We accordingly will not extend the time to file dischargeability complaints for creditors whose claims were untimely added by a debtor to the bankruptcy schedules after the dischargeability complaint deadline.

This brings us to an alternative, more appropriate solution. As stated, the dispositive factor in no-asset cases is whether the debt to be scheduled is a fraud class debt. *See* 11 U.S.C. § 523(a)(3)(B); Fed.R.Bankr.P. 2002(e); *Haga; Zablocki; see also Candelaria.* If the bankruptcy court had the opportunity to determine whether the added debt is a fraud debt, then all issues could be resolved by simple application of section 523(a)(3). If the court determines that the debt is not for fraud, then, in both asset and no-asset cases, the claim must simply be listed in time to permit the creditor to file a timely proof of claim. 11 U.S.C. § 523(a)(3)(A). If the court determines that the debt is of the fraud class, then, in asset and no-asset cases, the claim must simply be listed in time to permit the creditor to file a timely proof of claim *and* a timely dischargeability complaint. 11 U.S.C. § 523(a)(3)(B). The analysis is easy once it is determined whether or not the debt is classified as one for fraud.

■ We believe that an adversary proceeding brought by the debtor is the appropriate method for determining this issue. The complaint would request the relief of a declaratory judgment determining the nature of the debt. Fed.R.Bankr.P. 7001(9) (An adversary proceeding ... is a proceeding ... to determine the dischargeability of a debt, [or] ... to obtain a declaratory judgment relating [thereto.] ). The debtor would have the burden of proving, by a preponderance of evidence, that the debt was not a fraud class debt (as defined by Bankruptcy Code section 523(a)(2), (4) or (6)). If the debtor prevails, the debt is not of the fraud class. This debt would be dischargeable in all cases, if it were listed in time for the creditor to file a timely proof of claim. 11 U.S.C. § 523(a)(3)(A). If the creditor contests the relief requested and prevails, the debt is within the fraud class. If the debt were added after the dischargeability complaint deadline, even in no-asset cases, it would be non-dischargeable by application of section 523(a)(3)(B). *Id.* § 523(a)(3)(B).

■ A separate issue that may be determined, if it is at issue, is whether the creditor had notice or actual knowledge of the debtor's bankruptcy case. *See* 11 U.S.C. § 523(a)(3)(A), (B). If the creditor had notice or actual knowledge of the case, and did not timely act to preserve its rights, then section 523(a)(3) does not except the debt from discharge even if unscheduled. 11 U.S.C. § 523(a)(3)(A), (B); *Haga,* 131 B.R. at 327; *Zablocki,* 36 B.R. at 782.

The debtor's "nature of the debt" adversary proceeding would not be brought for the purpose of obtaining a judgment determining the dischargeability of the debt. *E.g., Haga,* 131 B.R. at 327.[3] Indeed, a determination as to dischargeability is superfluous: If the debt is determined to be a non-fraud debt, a complaint seeking a determination that the debt is non-dischargeable for fraud would be frivolous. If the debt is determined to be a fraud debt, a dischargeability complaint is both time-barred and unnecessary since the debt is not dischargeable in any event under sec-

---

**3.** In *Haga,* the court wrote:

This Court concludes that the phrase "of a kind" contained in § 523(a)(3)(B) should be interpreted as requiring a creditor only to show that it has a viable or colorable claim that its debt is non-dischargeable under subsection (a)(2), (4) or (6) of § 523 *and not to prove its claim on the merits.* Under the latter interpretation, § 523(a)(3)(B) would create an exception to or extension of the limitations period contained in [Federal Rule of Bankruptcy Procedure] 4007(c) when there is *no indication anywhere that Congress had that intent. Haga,* 131 B.R. at 327 (emphasis added). This Court completely agrees with this interpretation of the purpose and effect of section 523(a)(3)(B) and Rule 4007(c).

tion 523(a)(3)(B). *E.g., Lubeck v. Littlefield's Restaurant Corp. (In re Fauchier),* 71 B.R. 212, 216 (9th Cir. BAP 1987); *Haga,* 131 B.R. at 327.

The "nature of the debt" complaint could include the following type of language:

Debtor filed a bankruptcy petition on _____. Creditor _____ ("Creditor") was omitted from the bankruptcy schedules. Debtor now seeks to amend the schedules and add Creditor. Pursuant to section 523(a)(3) of the Bankruptcy Code, a debt that is not of the type specified in section 523(a)(2), (4) or (6) is discharged if the debt is listed in time to permit the creditor to file a timely proof of claim. Debtor alleges that the debt is **not** of the type specified in section 523(a)(2), (4) or (6) and that Creditor's time to file a proof of claim has not expired. Debtor concedes that the time to file a dischargeability complaint has expired. If the debt is of the type specified in section 523(a)(2), (4) or (6), it cannot be discharged.

. . . . .

**Wherefore,** debtor prays for judgment declaring and determining that (i) Creditor may timely file a proof of claim; (ii) that the debt is not of the type specified in section 523(a)(2), (4) or (6), and may be discharged by its addition to Debtor's bankruptcy schedules; (iii) [if appropriate,] that creditor had notice or knowledge of the bankruptcy case; and for such other relief as the Court deems is just and proper.

■ We would require that debtor seek this relief any time the debtor seeks to amend the schedules to add a debt and: the time to file a proof of claim has not expired, the time for the filing of dischargeability complaints has expired, the debts are not non-dischargeable for reasons other than section 523(a)(2), (4) and (6) (for example, certain taxes or student loans), and the debtor requests a discharge of the debts.

An appropriate order will be entered in accordance with the provisions herein.