**In the Matter of Betty Young JOHNSON, Debtor.**

**Bankruptcy No. 92–41263.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

May 22, 1996.

---

Claire Watts, Savannah, GA, for petitioner.

Thomas R. Herndon, Savannah, GA, for respondent.

### ORDER ON DEBTORS' MOTION TO AMEND PETITION

LAMAR W. DAVIS, Bankruptcy Judge.

This matter comes before the Court on Betty Y. Johnson's Motion to Amend Petition in her Chapter 7 case. This proceeding is a core matter under 28 U.S.C. Section 157(b)(2)(A). For the reasons stated in this memorandum opinion, the Court will deny Debtor's motion. These findings of fact and conclusions of law are entered pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

On or about December 4, 1990, Debtors, George M. and Betty Y. Johnson, contracted with Eady Construction Co., to perform certain renovations to Debtors' residence, including the addition of a family room, air conditioner, vinyl siding, bathroom fixtures, ceiling fans, sky lights, carpeting, and a bookcase. The cost of the renovations was approximately $20,000 which Debtors borrowed from a lender in exchange for a security deed on Debtors' residence. As the project progressed, Debtors apparently became unsatisfied with the performance of the Eady Construction Co. and, as a result, withheld the final draw. Debtors paid Eady Construction Co. approximately $12,000 of the $20,000 contract price and hired another contractor to complete the repairs. In response, Eady Construction Co. filed a materialman's lien.

In an attempt to collect this debt, Eady Construction Co. filed suit during the beginning of 1992. After a pre-trial demand letter, service by the sheriff, and a subsequent hearing, the Superior Court of Chatham County entered a default judgment on November 12, 1992, in the amount of $8,000.00 for damages and $2,664.00 for attorney's

fees, although Early Construction Co. elected not to enforce its default judgment *in rem.*[1]

At about the same time, after the date of service and prior to entry of default, Debtors, George M. and Betty Y. Johnson, filed for Chapter 13 bankruptcy protection; however, Debtors did not list the disputed debt to Eady Construction. Over the next two years, Debtors made regular payments to their Chapter 13 plan until George M. Johnson died at the end of 1994. As a Consequence, on January 10, 1995, Debtors' counsel filed a motion to have George M. Johnson dismissed from the case. Two days later Betty Y. Johnson converted her case to a Chapter 7 proceeding and this time failed to list the matured debt to Eady Construction. This Court granted Debtor a discharge on May 15, 1995, although an objection by the Chapter 7 trustee to Debtor's claimed exemptions caused the case to remain open.

During August of 1995, Equity Lending Associates, the first mortgage holder on Debtor's residence, instituted foreclosure proceedings. According to Debtor, this action caused her to become aware of Eady Construction's claim for the first time. Soon thereafter, Debtor, Betty Y. Johnson, filed this motion to amend her petition in an attempt to include the claim of Eady Construction of the Chapter 7 petition.

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 1009(a) governs a motion to amend a petition before a case has been closed. In pertinent part, the rule states as follows:

> (a) General Right to Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.

Fed.R.Bank.P. 1009(a). Rule 1009(a) also requires notice of the amendment to the trustee and any entity affected thereby. The analysis, however, is not complete. In the present case, Debtor requests permission to amend his schedule to add creditor, Eady

Construction, after discharge although prior to the closing of the case. In regard to whether this debt is discharged, the issue is still unresolved. In fact, Rule 1009(a) expressly provides in the Advisory Committee Notes (1983) that,

> If a list or schedule is amended to include an additional creditor, the effect on the dischargeability of the creditor of the creditor's claim is governed by the provisions of § 523(a)(3) of the Code.

Fed.R.Bank.P. 1009(a)(Advisory Committee Notes). Therefore, Section 523(a)(3) is the appropriate Code section to resolve the ultimate issue: whether or not this debt is dischargeable. In general, Section 523(a) sets forth a list of certain debts which are excepted from the overall discharge granted by other Code provisions. Specifically, Sections 523(a)(3)(A) and (B) provide that,

> (a) A discharge under section 727, 1141, 1228[a] 1228(b), or 1328(b) of this title does not discharge an individual from any debt—
>
> (3) neither listed nor scheduled under section 521(a) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (a) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3)(A) and (B). Essentially, this section excepts from general discharge two types of debts: (1) Section 523(a)(3)(A) "non-fraud" debts which were

---

1. On April 18, 1995, the Chapter 7 Trustee abandoned the property for lack of equity. Fleet Finance, the second mortgage holder filed an affidavit which stated that Debtor's residence retained a valued of $50,000 although two security deeds of $23,150.00 and $26,872.63 attached to the property. Because no equity existed in the property, Creditor, Eady Construction Company became an unsecured creditor.

not scheduled by the debtor in time to permit the creditor to file a proof of claim and (2) Section 523(a)(3)(B) "fraud" debts which were not scheduled by the debtor in time to permit the creditor to file a determination of nondischargeability, unless in either case the creditor had notice or actual knowledge of the pendency of the case.

In regard to the latter, Sections 523(a)(2), (4) and (6) except from discharge obligations generally referred to as "fraud" debts. These obligations include debts arising from fraud, false pretenses, embezzlement, larceny, or willful and malicious injury. *See* 11 U.S.C. § 523(a)(2), (4) and (6). Rule 4007(c) requires that all objections to the discharge of these "fraud" debts shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to Section 341(a). *See* Fed.R.Bank.P. 4007(c). Because a court cannot grant an extension of this deadline unless a request is made before the time has expired, Section 523(a)(3)(B) excepts from discharge any "fraud" debt neither listed nor scheduled in time to permit a creditor to file a dischargeability complaint.[2] Therefore, regardless of whether Debtor is allowed to amend her schedule pursuant to Rule 1009(a), if the previously unscheduled debt may be classified as coming within the purview of Sections 523(a)(2), (4) or (6), Section 523(a)(3)(B) expressly excepts the debt from discharge.[3]

In the alternative, Section 523(a)(3)(A) excepts from discharge "non-fraud" debts-defined as debts which would not be included in the scope of Sections 523(a)(2), (4) or (6)–if the debtor fails to provide the creditor with an opportunity to timely file a proof of claim. Under this analysis, the time for filing a proof of claim depends on whether the debtor's bankruptcy is classified as an "asset" or "no-asset" case. In a typical "asset" case, where unsecured creditors are entitled to a portion of the distribution, Rule 3002(c) requires that a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors. See Fed.R.Bank.P. 3002(c). However, in a typical "no-asset" case, where it appears from the schedule that there are no assets from which a dividend can be paid, Rule 2007(e) permits the clerk to issue a notice extending the time for filing claims indefinitely or until sufficient assets become available for the payment of a dividend. *See* Fed.R.Bank.P.2007(e). Because the present matter is a "no-asset" proceeding, the time for filing claims has not expired. Therefore, in this instance, Section 523(a)(3)(A) is unavailable to except the debt from discharge.

 The end result is that when a "no-asset" debtor attempts to amend its petition to include a creditor, Section 523(a)(3)(B) governs the analysis. In other words, for a creditor of a "no-asset" Chapter 7 debtor to except a late claim from discharge, it must prove that the claim arises out of fraud. Actions to determine dischargeability are required to be brought as adversary proceedings and are usually instituted by a creditor. Equity demands, however, since the ultimate issue in a motion such as this, is dischargeability that the debtor who attempts to amend the petition be required to institute an adversary proceeding to determine dischargeability. I, therefore, hold that in instances like the present one where a "no-asset" debtor attempts to amend her petition subsequent to discharge although prior to the closing of the case, the debtor must bring an adversary complaint to determine dischargeability. When drafting this complaint, a debtor should consider the model provided by the Court in *In re Thompson,* 177 B.R. 443 (Bankr.E.D.N.Y.1995). In its opinion, the Court stated that a complaint could include the following language:

> Debtor filed a bankruptcy petition on ＿＿＿.
> Creditor ＿＿＿＿ was omitted from the

---

**2.** Section 523(a)(3)(B) also excepts from discharge any added "fraud" debt where the time for filing proof of a claim has expired. However, for purposes of this motion, this requirement is superfluous. Rule 3002(c) permits a creditor at the very least ninety days from the meeting of creditors to file a proof of claim. Therefore, considering that the requirements of Section 523(a)(3) are in the conjunctive, the more stringent sixty-day dischargeability requirement governs the Section 523(a)(3)(B) analysis.

**3.** This analysis assumes that the sixty-day period for a creditor to file a dischargeability proceeding has expired.

bankruptcy schedules. Debtor now seeks to amend the schedules and add Creditor. Pursuant to Section 523(a)(3) of the Bankruptcy Code, a debt that is not the type specified in section 523(a)(2), (4) or (6) is discharged if the debt is list in time to permit the creditor to file a timely proof of claim. Debtor alleges that the debt is not of the type specified in section 523(a)(2), (4) or (6) and that Creditor's time to file a proof of claim has not expired. Debtor concedes that the time to file a dischargeability complaint has expired. If the debt is of the type specified in section 523(a)(2), (4) or (6), it cannot be discharged.

Wherefore, debtor prays for judgment declaring and determining that (i) Creditor may timely file a proof of claim; (ii) that the debt is not of the type specified in section 523(a)(2), (4) or (6), and may be discharged by its addition to Debtor's bankruptcy schedules; (iii) [if appropriate,] that creditor had notice or knowledge of the bankruptcy case; and for such other relief as the Court deems just and proper.

*Id.* at 451. Of course, the creditor still bears the ultimate burden of proving that the claim arises under Sections 523(a)(2), (4) or (6). *See In re Haga,* 131 B.R. 320, 327 (Bankr.W.D.Tex.1991)(Debtor must only assert discharge and creditor has the burden of showing that the debt comes within the exception); *Contra In re Thompson,* 177 B.R. at 450 ("debtor would have the burden of proving, by a preponderance of the evidence, that the debt was not a fraud class debt"). Moreover, when proving its claim, the creditor is only required to demonstrate a "colorable" claim under 523(a)(3)(B). *See Id.* at 450, n. 3· (creditor only has to show a viable or colorable claim under 523(a)(3)(B) else an extension of the limitations period of Rule 4007(c) would be created). The burden then shifts to the debtor who may either refute the creditor's evidence or prove that the creditor had knowledge of the bankruptcy's pendency. *See In re Haga,* 131 B.R. at 327. This result provides an equitable solution for both parties. As a result of her initial failure to list all creditors on the petition, Debtor bears the burden of providing notice and instituting a proceeding to determine dischargeability; whereas, the creditor still re-

tains the burden of proving at least a colorable claim pursuant to Sections 523(a)(2), (4) or (6). Therefore, in accordance with the foregoing opinion, Debtor's motion to amend her petition must be denied.

*ORDER*

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Debtor's Motion to Amend Petition is hereby DENIED.

Debtor is granted thirty (30) days from the filing of this order to institute an appropriate adversary proceeding. If, after such time has expired, the Debtor has failed to file an adversary proceeding, the Clerk of the Court is instructed to commence proceedings to close this case.